H. J. PARRISH, *Appellant*, v. HILLSBOROUGH COUNTY, et al., *Appellees.*

Division B.

Opinion filed September 19, 1929.

*Shackleford, Shackleford & Ivy,* for Appellant;

*Thomas M. Shackleford* and *H. C. Hillman,* for Appellees.

WHITFIELD, P. J.—This suit was brought to test the constitutional validity of Chapter 12867, Acts of 1927, the title and a portion of its provisions being: "AN ACT to Provide for the Grading, Paving, Curbing, Draining, Re-grading, Re-paving, Re-curbing, Re-draining, and the Widening of the Pavement of, Public Roads, or Continuous Portions Thereof, Without, or Partly Within and Partly Without, the Corporate Limits of any Municipality, in Hillsborough County, Florida; for the Assessment of the Entire Cost Thereof Against Abutting Property Subject to Assessment; and for the Issuance of Bonds Therefor; and Declaring Certain Streets and Alleys to be Public Roads and Alleys.

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. This Act shall be known and may be cited as 'The Hillsborough County Assessment Bond Act of 1927.'

"Sec. 2. Whenever the owner or owners of two-thirds, measured by frontage, of the property abutting any public road, or any continuous portion thereof, without or partly within and partly without, the corporate limits of any municipality, in Hillsborough County, Florida, shall present to the Board of County Commissioners of said County a petition duly signed by them, requesting that such public road or continuous portion thereof, be graded, paved, curbed, drained, re-graded, re-paved, re-curbed or re-drained, or that the pavement thereon be widened, or

that any one or more of such improvements be made, the Board may, at its discretion, receive and entertain such petition. The continuity of a public road, or portion thereof, shall not be destroyed by reason of the fact that it is crossed by another public road, or portion thereof, which is already paved. In calculating the frontage of the property abutting any public road, or portion thereof, petitioned to be improved, to determine whether or not the owners of two-thirds of the abutting property have signed such petition, the frontage of any property owned by the Federal Government, any municipality, the State, County or any political subdivision or any governmental agency of the State or County, or of any public parks or playgrounds, or of parks or playgrounds dedicated on any map or plat, or of public street, road and alley intersections, or any railroad right of way, shall not be considered, although any or all of the above mentioned improvements may be made in front of such property and the entire cost of such improvements charged wholly against the remaining property abutting said public road, or portion thereof." A demurrer was sustained to a bill of complaint seeking to enjoin proceedings under Chapter 12867, Acts 1927, and the complainant appealed.

Legislative enactments authorizing special assessments against abutting property for the entire cost of road or street improvements, are obviously designed to secure the improvement of public highways that are essential to the development and beneficial uses of abutting and contiguous property, the improvement of the highway being only secondary or incidentally for the beneficial use of the public. See Chapter 9298, Acts of 1923; Walters v. City of Tampa, 88 Fla. 177, 101 So. R. 227; Chapter 9316, Acts of 1923; Moore v. Hillsborough County, 86 Fla. 514, 98 So. R. 505. See also Sections 2490 et seq., Comp. Gen. Laws 1927.

. The Constitution does not provide for the construction or maintenance of public highways, therefore, such matters may be regulated by statute when no provision or principle of organic law is violated by the illegal or arbitrary exercise of governmental power, or otherwise.

. Duly enacted statutes may authorize highway improvements by public authorities to be made entirely at the expense of abutting property owners, where the improvements are primarily and essentially for the benefit of the abutting property and are only secondarily or incidentally beneficial to the public and then only when the expenses are reasonable and proper and the benefits accruing from the improvements to the abutting property are properly apportioned and will at least be equal to the assessment made against such property. If a highway improvement is primarily for the benefit of the public and only secondarily or incidentally beneficial to abutting property, the imposition of the entire expense of the improvement upon the owners of the abutting property would be a violation of organic property rights. Abell v. Town of Boynton, 95 Fla. 984, 117 So. R. 507, head note 4. When highway improvements are essentially beneficial to the public and to the abutting or contiguous property, the expense of the improvements may be *appropriately and justly apportioned* by statutory authority *between the public and the owners of the abutting or contiguous property,* provided the expenses incurred are proper for a reasonable and appropriate improvement and the actual benefit to the abutting or contiguous property is at least equal to the assessments against the property. In all cases the assessments against abutting or contiguous properties must be fairly apportioned and lawfully made. See A. C. L. v. City of Lakeland, 94 Fla. 347, 115 So. R. 669; A. C. L. v. Gainesville,

83 Fla. 275, 91 So. R. 118; City of Ft. Myers v. State, 95 Fla. 704, 117 So. R. 97.

Chapter 12867, Acts 1927, expressly provides that notwithstanding there may be "property owned by the Federal Government, any municipality, the State, County or any political subdivision or any public parks or playgrounds or of parks or playgrounds dedicated on any map or plot, or of public street, road or alley intersections, or any railroad right of way" abutting on the highway to be improved, "the entire cost of such improvements" shall be "charged wholly against the remaining property abutting on said public road or portion thereof." Such an assessment against abutting property would not merely result in an incidental benefit to the public and to public and other property, but it is clearly a violation of the Constitution in that purports in effect to authorize private property to be taken for public use and for the benefit of others without just compensation and without due process of law, and is an arbitrary and oppressive exercise of governmental power, in imposing the entire cost of a public improvement of highways upon abutting property without reference to benefits as between the public and the abutting owners.

Reversed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.

BROWN, J. (Concurring).—In addition to the reasons advanced by Mr. Justice WHITFIELD, I think the Act should also be held invalid because the authorization of assessments for the cost of constructing a highway against

abutting rural lands according to their mere length of frontage, without regard to the area or character of the land, or the *quantum* of benefits conferred, is incapable of anything like a fair and equal application as applied to lands in the country. Even as applied to city property, the front foot rule frequently works injustice in practical application, but by reason of conditions in rural sections and the endless varieties in shape, area, charcter, use and value which we must judicially know to there generally exist, we must know that the front foot rule cannot generally be applied with even approximate equality or justice, and without denying the equal protection of the laws.

WHITFIELD, ELLIS AND STRUM, J. J., concur.