MATILDA J. UTLEY, joined by her husband, D. T. UTLEY, and D. T. UTLEY, *Appellants,* vs. CITY OF ST. PETERSBURG, a Municipal Corporation, *Appellee.*

144 So. 58.

Division A.

Opinion filed October 8, 1932.

*L. D. Martin,* for Appellants;
*Erle B. Askew* and *Carroll R. Runyon,* for Appellee.

BUFORD, C.J.—In this case it appears that the City of St. Petersburg decided to widen a certain street. It became necessary to condemn a certain piece of land to use as a part of the street. It appears that that part of the street which had previously existed was paved and when the City had condemned this strip of land it proceeded to pave a strip 27 5/10 feet wide on the south side of the paving then existing for a distance extending across the front of appellants' property and assessed the entire cost of such paving against the appellants' property, making an assessment therefor in the sum of $882.35, and thereupon issued a paving certificate against the property for that amount.

Appellants filed bill of complaint seeking to have assessment declared null and void, to have the lien claimed by the City adjudged of no force and effect and to cancel the certificate. The bill sets up numerous reasons and grounds upon which complainant claims to be entitled to such relief.

We think it is only necessary for us to consider one

phase of this case. A street improvement, we think, may not be longitudinally divided for the purpose of improvements and assessments. The costs of improvements may be divided and pro rated between abutting property owners, but if improvement is made in the street between block A on the north and block B on the south, and the cost of such improvement is assessed in whole or in part against the property abutting on the improvement it must be assessed ratably and in proportion to benefits against the property on both sides of the street, In this case the assessment was made against the property on the south side of the street only and our view is that such an assessment constituted an arbitrary dicrimination against the property owner on the south side of the street and violated the equal protection clause of the Constitution.

In Page & Jones on Taxation and Assessment, the author says:

"Where the improvement consists of a part of the width of a street, property abutting on the side of the street not improved is regarded as abutting on the improvement."

In the City of Cincinnati vs. Batsche, 52 Ohio St. 324, 27 L. R. A. 536, 40 N. E. 21, it was said:

"In the present case the improvement was embraced in that part of Culvert Street which was evidenced by appropriating the land of Clifford Perin. But it cannot be properly said that all the lots and lands abutting on Culvert Street between Fifth and Sixth Streets abutted on the improvement within the meaning of the statute, because the street between those points might be improved in the sense of being benefited by the widening of the part at Fifth Street. The record discloses that the assessment was held by the circuit court to be valid and binding as to the property of Perin because it abutted on the strip of ground condemned. But the property of Henry Batsche bounding upon the part of Culvert Street where it was widened under the

condemnation proceedings and lying opposite the condemned strip was relieved from the assessment, as land not abutting upon the improvement. It is true a portion of the street intervened and the land of Batsche did not come in actual contact with the ground appropriated, but we do not think that the words of the statute 'bounding and abutting upon the improvement' are to be so restricted in their application as to exclude property in the same situation as that of Batsche in reference to the improvement. As soon as the appropriation was made, the ground became incorporated as part and parcel of the widened portion of the street, and the property on both sides of the street abutted then on the improvement. Thereafter the proprietors of lots fronting on both sides of the street might enjoy the free and lawful use of the condemned land; and the easement in the street, appendant to the abutting lots extended as well to the newly appropriated ground as to the remaining portion of the street in front of the lots.''

In Klein vs. Nugent Gravel Co., 162 Ind. 509, 70 N. E. 801, it is said:

''The facts present a case in which the council is clearly shown to have exceeded the power or authority with which it was invested. Its authority to levy an assessment against the property of appellant for the cost of the improvement was strictly statutory, and, in making it, no other method than that prescribed by the statute could be legally adopted. In fact, it was only by reason of the authority or power conferred by the statute upon the common council of the City of Evansville that it had any right in the particular case to levy an assessment and fasten a lien against the property of appellant. Such statutory power is to be strictly construed, and, before appellee could successfully enforce his lien in this action, he would be required to show that the assessment upon which it is based was made within the power of the council. Nikalaus v. Conkling, 118 Ind. 289, 20 N. E. 797, and cases cited; Barber etc. Co. v. Edgerton, 125 Ind. 455, 25 N. E. 436, and cases cited; Indianapolis etc. Co. vs. Capitol etc. Co., 24 Ind.

App. 114, 54 N. E. 1076; Elliott on Roads & Streets (2nd ed.) ## 545, 549.

The fact that a part in width, only, of the roadway or the street was improved would not, under the law, exempt from the assessment of benefits the abutting property on the south side for the distance of three blocks, as shown, merely because such property did not immediately border on the improved strip. Indianapolis etc. Ry. Co. v. Capitol etc. Co., supra; City of Muscatine v. Chicago, etc. Ry. Co., 88 Iowa 291, 55 N. W. 100; Morrison v. Hershire, 32 Iowa 271.''

It is true that the two opinions, parts of which have just been quoted, were based upon the construction of statutes but we think the same conclusions must have been reached had the courts been required to look to the Constitution to protect the litigant because of having no controlling statute. This Court has repeatedly held that special assessments for public improvements can only be justified upon the theory of special benefits accruing to the property assessed and an assessment not based upon this principle violates the organic law prohibiting the taking of private property for the public benefit without compensation. If an improvement on X Street results in a benefit to the property on the south side of X Street some benefit necessarily accrues to the property on the north side of X Street and to assess the entire cost of the improvement against the property on the south side of the street would be to give to the property on the north side of said street the benefit of improvement for which the property on the south side of the street is required to pay.

In the case of Gast Realty & Investment Co. v. Schneier Granite Co., 240 U. S. 55, 60 Law. Ed. 523, Mr. Justice Holmes, speaking for the Court said:

''The legislature may create taxing districts to meet the expense of local improvements, and may fix the basis of taxation without encountering the 14th Amend-

ment unless its action is palpably arbitrary or a plain abuse. Houck v. Little River Drainage Dist., 239 U. S. 254, 262, ante, 266, 273, 36 Sup. Ct. Rep. 58. The front-foot rule has been sanctioned for the cost of paving a street. In such a case it is not likely that the cost will exceed the benefit and the law does not attempt an imaginary exactness, or go beyond the reasonable probabilities, French v. Barber Asphalt Paving Co., 181 U. S. 324, 45 L. ed. 879, 21 Sup. Ct. Rep. 625; Cass Farm Co. v. Detroit, 181 U. S. 396, 397, 45 L. ed. 914, 915, 21 Sup. Ct. Rep. 644. So in the case of a square bounded by principal streets, the land might be assessed half way back from the improvement to the next street. Louisville & N. R. Co. v. Barber Asphalt Co., 197 U. S. 430, 49 L. ed. 819, 25 Sup. Ct.. Rep. 466. But, as is implied by Houck v. Little River Drainage Dist., if the law is of such a character that there is no reasonable presumption that substantial justice generally will be done, but the probability is that the parties will be taxed disproportionately to each other and to the benefit conferred, the law cannot stand against the complaint of one so taxed in fact. Martin v. District of Columbia, 205 U. S. 135, 139, 51 L. ed. 743, 744, 27 Sup. Ct. Rep. 440.''

It is the well settled rule that a tax levy which could not have legally been made in the instance without violating organic law cannot generally be ratified and that when resulting in a violation of substantial property rights a void tax levy cannot be legalized. See New Smyrna Drainage District vs. Esch, 137 Sou. 1, and cases there cited; also Tax Securities Corporation vs. Borland, 137 Sou. 252.

In view of the above stated rule, it becomes unnecessary for us to discuss further the effect of chapter 15511, Acts of 1931, as to this assessment. The assessment was void because of its arbitrary discrimination as above mentioned and violated the provisions of the organic law guaranteeing equal protection to all.

It is not necessary to the disposition of this case that we discuss any other alleged infirmity of the attempted assessment but it may not be amiss for us to say that a bond issue had been authorized and the bonds issued and sold specifically to produce funds with which to procure right-of-way and to pave this identical street, that the funds were sufficient to acquire all the necessary right-of-way not already owned by the City and to pave the streets as contemplated.

Therefore the rule stated in the case of the City of St. Cloud vs. Carlson, et al., 78 Fla. 131, 82 Sou. 616, is applicable here. That the City had passed a part of the proceeds of the bond issue to the credit of some other fund to reimburse the City for the cost of right-of-way acquired by the City prior to the bond issue and for other purposes not contemplated in this street paving program, did not make the fund any the less available for the purpose for which it was acquired.

The decree should be reversed and the cause remanded with directions that further proceedings be had not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J., dissents.

DAVIS, J. (Dissenting).—The chancellor evidently dismissed the bill of complaint because there was a legislative validating Act which was not attacked as being an arbitrary and unwarranted exercise of governmental power, as might have been done, and possibly sustained on this record. See A. C. L. R. Co. vs. Gainesville, 83 Fla. 275, 91 So. 118.

The question of benefits is one for determination of the legislature and I am aware of no case which holds as

a matter of *constitutional* law that the determination of benefits must conform to any particular scheme, so long as it is fair and not arbitrary when viewed in the light of the particular case before the Court. I am unable to perceive where the Chancellor committed error in dismissing the bill under the circumstances here shown where no attack was made on the validating Act which may or may not be later found to be arbitrary as applied here.