99 So.2d 861 (1957)
Gottfried Andrew ANDERSON and Anna Maria Anderson, husband and wife, Harold W. Bee and Magdalene Bee, husband and wife, Abraham DeBeauchamp and Elizabeth DeBeauchamp, husband and wife, Martin Stricker, Roy W. Wilson, Walter E. Daniel, Jr., and All Others Similarly Situated, Appellants,
v.
The CITY OF NORTH MIAMI, a municipality Incorporated under the laws of the State of Florida, Appellee.
Supreme Court of Florida.
December 20, 1957.
Rehearing Denied February 12, 1958.
*863 Anderson & Nadeau, Miami, for appellants.
Boardman & Bolles, Miami, for appellee.
HOBSON, Justice.
This is an appeal by the plaintiffs from a final decree dismissing a suit which they had brought against the appellee, City of North Miami, to challenge the legality of special assessments which the city had imposed upon their properties for certain improvements.
The complaint alleged that the plaintiffs were owners of property abutting on N.E. 123rd Street from the west side of the Florida East Coast Railroad right-of-way to Biscayne Boulevard; that pursuant to proceedings of the city council, N.E. 123rd Street was widened to a width of 70 feet and was repaved and a white way lighting system installed; that two-thirds of the cost of the work was assessed against the plaintiffs' property upon a determination by the council that the property would be especially benefited to that extent; that confirmatory resolutions over the property owners' objections were adopted by the city; and that the assessments were null and void on several grounds. On issues made by the defendant's answer, the cause was referred to a special master who took testimony and reported to the court that the improvements greatly and directly enhanced the values of the abutting property; that the city had authority, under the general law, to widen and repave the street and to assess the abutting property owners for the cost; that the publication of the notice of the resolution was accomplished in the manner required by law; that the assessments were not arbitrary and discriminatory; and that certain challenged items were properly included in the assessments. The master's report was confirmed by the circuit court, and this appeal followed. We will consider the points involved in the order stated by appellants.
It is first contended that the city lacked authority to levy special assessments for the cost of acquisition of an additional right-of-way to be used for widening the street, which cost included engineers' and attorneys' fees, and the cost of installing a white way lighting system on the street after so widened. At the time the assessments complained of were levied, the city existed under the general statutes of the state and the only authority for the city to make special assessments was Sec. 170.01, Florida Statutes, F.S.A. That section reads in part as follows:
"Any city, town or municipal corporation of this state * * * may, by its governing authority, provide for the construction, reconstruction, repair, paving, re-paving, hard surfacing, and re-hardsurfacing, of streets, boulevards, and alleys, for grading, re-grading, leveling, laying, relaying, paving, re-paving, hardsurfacing, and re-hardsurfacing side walks, and for the payment of all or any part of the cost of any such street improvement by levying and collecting special assessments on the abutting, adjoining, contiguous, or other specially benefited property."
As we have often held, municipal corporations have no inherent power to levy special assessments, and in order for such assessments to be valid they must be made pursuant *864 to legislative authority and in accordance with the method prescribed by the legislature. Simpson v. City of Brooksville, 137 Fla. 623, 188 So. 794; City of Coral Gables v. Coral Gables, Inc., 119 Fla. 30, 160 So. 476. This is not to say, however, that special assessments may not be made for an improvement which is clearly within the intendment of the legislative grant. City of Miami v. Ganger, Fla., 97 So.2d 266.
The master concluded that, although the word "widen" is not used in F.S. § 170.01, F.S.A., the grant of authority to levy special assessments for widening the street is implicit in the authority to levy such assessments for "construction" and "paving". To adopt the opposite view, he continued, "would mean that once a municipality exercised its power to construct and pave a street and determined upon and completed a street of a given width, the municipality would have exhausted its authority as to selection of the width of the street, and would therefore be confined to repairing and re-paving the width first constructed". We agree with the master, as did the chancellor, that this would be an unreasonably narrow interpretion of the statutory language, and we hold that the city had authority to widen the pavement and to assess property especially benefited thereby. See Walters v. City of Tampa, 88 Fla. 177, 101 So. 227, wherein we held that a municipality, under the general statutes, had authority to re-pave, re-grade and widen a street, as against the contention that such improvements were not "local improvements", within the intendment of the act (Laws, 1923, c. 9298, Sec. 1, predecessor of Sec. 170.01).
We next consider the authority of the city to acquire the right-of-way and assess the cost of such acquisition against abutting properties. In Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507, a municipality had wrongfully and unlawfully appropriated appellant's lands for a public street and assessed the cost of the improvement, apparently including the costs of such wrongful appropriation, against appellant's remaining property. We held that this was a violation of appellant's fundamental rights, although he was estopped to obtain relief in the proceedings he had brought. There is no showing of wrongful appropriation here, and the only question is whether the costs of lawful acquisition of property can be assessed against abutting owners.
Appellants rely upon authorities cited in 63 C.J.S. Municipal Corporations § 1411, page 1199, to the effect that compensation paid a landowner for property taken by condemnation cannot be assessed back on his remaining land where it is expressly provided by constitution that when private property is taken for public use, compensation shall be made to the owner "without deduction for benefits to any property of the owner". Appellants further urge that Article XVI, Section 29, of the Florida Constitution, F.S.A., provides that compensation to be paid an owner for the taking of his property shall be "irrespective of any benefit from any improvement proposed". This section of the constitution, however, applies only to private property appropriated "to the use of any corporation or individual".
Without deciding whether or not this section was intended to apply to property appropriated to the use of a municipal corporation, such as we have here, we think the better view is that the cost of acquiring property by eminent domain cannot be assessed back against the owner's remaining property, at least in the absence of specific statutory authority, which is lacking in this case. It will be recalled that the city here was authorized to assess "all or any part of the cost of any such street improvement" against specially benefited property. In the absence of some additional legislative indication, we cannot conclude that the costs of acquiring property *865 for street improvements may be considered reasonably incidental to the street improvements themselves. We must therefore hold, as we do, that such costs could not lawfully be included in the assessments. As to whether the legislature might constitutionally authorize the inclusion of such costs we express no present opinion, because the matter is not before us. It follows from our principal ruling on this matter, however, that attorneys' fees, engineering costs, and other expenses incidental to the acquisition of the right-of-way were improperly included in the assessments. See also Webb v. Scott, 129 Fla. 111, 176 So. 442, 446-447.
Returning to F.S. § 170.01, F.S.A., we search the statute in vain for authority to assess property for the installation of a white way lighting system. In Stockman v. City of Trenton, 132 Fla. 406, 181 So. 383, 384, we said, of a white way lighting system, that its "purpose and essence is public". Again we agree with appellants the cost of such system should not have been included in the special assessments.
Appellants next urge that the improvement was general in nature and not special, and that, accordingly, the assessments are void in their entirety. With this contention we cannot agree. Although it is true that the improvements were generally beneficial to the municipality, there is abundant proof in this record that the increase in value for abutting properties ranged from 175% to 213%, with an average of 199%, the increase taking place from the time just preceding the improvements to the time of their completion, and after allowance for the recognized general increase in property values throughout the area. With such substantial benefits, appellants cannot complain that two-thirds of the cost of the improvements were assessed against their properties, and it cannot in any case be said that they have overcome the presumption of correctness which attached to the determination of the city council that the improvements would provide special benefits to abutting owners. City of Miami v. Ganger, supra, 97 So.2d 266; Gay v. City of Winter Park, Fla., 82 So.2d 139; Rosche v. City of Hollywood, Fla., 55 So.2d 909.
It is next urged that the notice of the assessments was insufficient. This notice was duly published in the Miami Review and Daily Record which, it is contended, is not a newspaper of general circulation. We held to the contrary in connection with this very newspaper in Selverstone v. Jacobson, 95 Fla. 69, 116 So. 724. As the master found, there was no showing that the status or nature of the paper has changed since this ruling was made. It is further contended that the notice was insufficient because it did not specify that the assessments were to include the cost of acquisition of the land, attorney fees, and related items. Since we have held on other grounds, earlier in this opinion, that these items were improperly included in the special assessments, we find it unnecessary to consider them again in connection with notice.
It is urged that the city acted arbitrarily in assessing appellants' property, because a like improvement was made elsewhere on the same street and abutting properties were assessed only for sidewalks, or were not assessed at all. The master found, however, and we agree, that the record is inadequate as to evidence sufficient to be considered on the question of whether the city should or should not have assessed the abutting property owners on other portions of the street for improvements made in such area. Moreover, as the master observed, the failure of the city to assess their improvements to the east and west of those directly involved, even if the city acted improvidently in failing to make such assessments, does not render void the assessments we are here considering. See Webb v. Scott, supra, 129 Fla. 111, 176 So. 442.
*866 Appellants say that the procedure employed by the city in this case violated the principle which we announced in City of St. Cloud v. Carlson, 78 Fla. 131, 82 So. 616, and followed in City of Miami Beach v. A.M. Tenney & Demarest Holding Co., 150 Fla. 241, 7 So.2d 136. In Gay v. City of Winter Park, supra, Fla., 82 So.2d 139, 142, we said in part:
"In both the St. Cloud and Miami Beach cases, the general credit of the municipality had been pledged, after a vote of the freeholders, for the issuance of bonds to finance a specific and distinct municipal improvement. After the improvement had been constructed and paid for out of bond proceeds, special assessments were attempted to be levied against benefited property to pay for the identical improvement. We held that the attempted assessments were void because no lawful use could be made of their proceeds, under the statutory authority which there existed. This rule has never been applied to a situation which commenced with the issuance of special rather than general obligations, but we do not now decide its applicability to such a situation because of the infirmities in the instant case which we have pointed out above."
In the present case the abutting landowners were put on notice from the beginning, by the first resolution, that their property would be specially assessed. The city subsequently issued certificates of indebtedness, but only a special fund was pledged for debt service, and it was specifically provided that the general credit of the municipality was not pledged. Here, as in Gay v. City of Winter Park, supra, the record is in unsatisfactory condition as to the precise area and improvements covered by several resolutions. It is sufficient to observe that the proof falls short of that which was made in the Miami Beach and St. Cloud cases and, unlike the situation in those cases, there was here no misleading of the public. The assessments must, therefore, survive this attack.
Appellants contest the allowance of a master's fee of $1,750 in this case, claiming that it was excessive under Manning v. Clark, Fla., 56 So.2d 521. Since the Manning case was decided, however, present F.S. § 62.071, F.S.A., was enacted, allowing compensation to a master in chancery in addition to the compensation provided in F.S. § 62.07, F.S.A., for "any extraordinary services as the court may deem just and reasonable including time consumed in legal research required in preparing and summarizing his findings of fact and law". The master spent in excess of eleven full days in receiving evidence, studying the record and exhibits, and in preparing his report. His report, which is shrewdly analyzed and which, in the words of the chancellor, "shows that he made a careful and painstaking study of the issues presented * * *" was extremely helpful to the chancellor and to us, and shows on its face that extraordinary services were required to produce it. We find no abuse of discretion in the fee which was allowed by the chancellor.
Finally, appellants contend that the chancellor erred in taxing costs against them because relief was accorded to at least one of the plaintiffs below by a reduction of the lien on his lot. Here again, we find no abuse of discretion, Wilhelm v. Adams, 102 Fla. 669, 136 So. 397, but since the final decree appealed from must be reversed in part, we hold that the chancellor should reconsider the taxing of costs.
The final decree appealed from is reversed in part, as above indicated; in all other respects it is affirmed. The cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
TERRELL, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.