837 So.2d 1127 (2003)
NOVARTIS PHARMACEUTICALS CORPORATION, f/k/a Sandoz Pharmaceuticals Corporation, a Delaware corporation, doing business in Florida, Petitioner/Appellant,
v.
Connie CARNOTO and Celina Poy-Wing, M.D., et al., Respondents/Appellees.
No. 4D02-3578.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
*1128 Benjamine Reid and Wendy Frank Lumish of Carlton, Fields, Miami, R. Layton Mank of Wilson, Elser, Moskowitz, Edelman & Dicker, Miami, and Joe G. Hollingsworth, Katharine R. Latimer, Martin C. Calhoun and Cynthia L. Kendrick of Spriggs & Hollingsworth, Washington, DC, for petitioner/appellant.
Richard A. Sherman of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Wilton L. Strickland of Wilton L. Strickland, P.A., Fort Lauderdale, for respondents/appellees.
PER CURIAM.
This cause was filed as a petition for writ of mandamus or certiorari, challenging one circuit court order finding time sheets and invoices submitted by a special *1129 master factually and legally sufficient, and another order authorizing the special master to utilize funds in a trust to pay her fees and costs to date. The second order is sufficiently final in nature to be treated by this court as an appealable, final order, making the earlier order reviewable as part of that final appeal. See Sole v. Kneale, 629 So.2d 999 (Fla. 3d DCA 1993). We find that petitioner has not demonstrated jurisdictional grounds for certiorari or mandamus, but we sua sponte redesignate this cause as a final appeal pursuant to Florida Rule of Appellate Procedure 9.040(c). See also Kobayashi v. Kobayashi, 777 So.2d 951 (Fla.2000); Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996).
Appellant has argued on the merits that the trial court erred in authorizing payment to the special master in this ongoing products liability and medical malpractice action without a full evidentiary hearing, and because the orders were based on billing information withheld from appellant. We agree that the trial court erred in failing to afford appellant an evidentiary hearing before authorizing special master fees and costs. We find that the hearing which was held and which led to the orders now on review did not satisfy the requirements of due process. At the hearing, the special master and counsel informally advised the court on the progress of the discovery efforts in the case. No evidence was submitted at the hearing and provided to appellant to document the claim for special master costs and fees before the court. Appellant did not waive the right to a full evidentiary hearing.
Section 69.051, Florida Statutes (2002), provides that masters shall be allowed such compensation for any services the court deems reasonable. While the trial court has discretion in awarding special master fees, exercise of this discretion calls for the trial court to consider many factors. As the fifth district said in Clark v. Finger, 763 So.2d 560 (Fla. 5th DCA 2000):
Relevant considerations include the extent to which a master hears witnesses, examines and considers evidence, tries and determines controverted questions of facts, investigates, determines controverted accounts, and makes reports of proceedings and results to the court.... Marion Mortg. Co. v. Moorman, 100 Fla. 1522, 131 So. 650 (1930). The difficulty, intricacy, complexity and burden of the controversy are also important factors.... And compensation should be commensurately with the master's ability, experience and fitness, and the responsibility imposed on him or her. Marion Mortg. Similarly, the helpfulness of the report and the expertise used to prepare the report is an appropriate consideration for the trial court. Anderson v. City of North Miami, 99 So.2d 861 (Fla.1957). Useless and unnecessary labor would not be a proper ground for compensation. Id.

Id. at 562.
While one of the two orders on review showed that the trial court duly considered time sheets and invoices submitted by the special master, appellant has argued that these were not provided to it so that it could examine and contest them before the trial court awarded special master fees and costs. Appellant also argues that the hearing held by the trial court was not a full evidentiary hearing to which it is entitled. On the record before us, we conclude that appellant has demonstrated grounds for reversal. See Waite v. Hewitt, 451 So.2d 528 (Fla. 3d DCA 1984). Cf. Am. Indem. Co. v. Comeau, 419 So.2d 670 (Fla. 5th DCA 1982); Posner v. Flink, 393 So.2d 1140 (Fla. 3d DCA), rev. denied, 402 So.2d 612 (Fla.1981).
*1130 Accordingly, we reverse and remand for an evidentiary hearing in the trial court on the matter of the special master's claim for fees and costs. Appellant shall be provided access to the evidence to be submitted to the trial court relating to the special master's claim for fees and costs. We reject appellant's additional claim of trial court error in the denial of its motion to terminate referral of matters to the special master, as no such order was before this court at the time appellant filed its petition for relief here, and appellant has not separately appealed such a written, rendered order, or requested consolidation of such an appeal with these proceedings.
REVERSED AND REMANDED.
GUNTHER, KLEIN and MAY, JJ., concur.