MAY, J.
The plaintiff appeals a directed verdict in favor of the defendants. In a separate, consolidated appeal, plaintiffs counsel contests an order requiring him to personally pay half of the fees for a special master appointed for discovery matters. We affirm the directed verdict, but reverse the order on the special master fees.
The plaintiff argues the trial court erred in granting a motion in limine, excluding photographs of a pothole. We find no abuse of discretion in the court’s ruling on this issue. The plaintiff produced the photographs only days before the trial and after years of litigation. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA 1979) (“[Cjourts will not allow the practice of the ‘Catch-22’ or ‘gotcha!’ school of litigation to succeed.”)
We further find no error in the court’s entry of a directed verdict. Viewing the evidence in the “light most favorable to the non-moving party and [giving] every reasonable inference deduced from the evidence” to the non-movant, we must *1059 determine if “no view of the evidence could sustain a verdict” for the plaintiff in this case. See Tenny v. Allen, 858 So.2d 1192, 1195 (Fla. 5th DCA 2003). We agree with the trial court, the plaintiff failed to produce any evidence suggesting the defendants had either actual or constructive knowledge of the alleged pothole. See Hannewacker v. City of Jacksonville Beach, 419 So.2d 308 (Fla.1982).
The second consolidated appeal contests the trial court’s order making the plaintiffs lawyer responsible for one-half of the special master fees. The order stated: “The Court makes a finding of fact that Plaintiffs counsel, along w/ Defense counsel, requested a special master. Accordingly, Plaintiffs counsel must pay half of the fees sought by special master or $616.00 (six hundred sixteen dollars).” For the reasons that follow, this order must be reversed.
First, the only receipt in the record indicates the fee amounted to $262, not $616. Second, there is no finding that the fee was reasonable. See Novartis Pharm. Corp. v. Carnoto, 837 So.2d 1127 (Fla. 4th DCA 2003). Third, the fee is a cost to be assessed against the party, not counsel. See R. Regulating Fla. Bar 4-1.8(e). If the court intended the fee to be a sanction against the lawyer, then it was required to make specific factual findings that do not appear in the record. See N. County Co. v. Bologna, 816 So.2d 842 (Fla. 4th DCA 2002).
We therefore reverse the order assessing the special master’s fee against plaintiffs counsel and remand the case for further proceedings on this issue. In all other respects, we affirm.
WARNER and SHAHOOD, JJ„ concur.