ATLANTA LIFE INSURANCE COMPANY v. JOHN L. HOPPS

183 So. 15.
Opinion Filed June 16, 1938.
Rehearing Denied July 28, 1938.

. *H. T. Black, R. W. Farnell* and *A. C. Johnson,* for Appellant;

No appearance for Appellee.

BUFORD, J.—Writ of error brings for review judgment subsequent to default judgment which was entered in favor of plaintiff against the defendant.

The plaintiff in error has stated three questions for our consideration, as follows:

"1. In a stipulation between counsel for parties to a lawsuit in these words and figures, 'It is hereby stipulated

by the undersigned that the defendant may file its pleas in the above entitled cause on or before February 17, A. D. 1936,' (a) is the word MAY *mandatory,* meaning MUST, or is the word MAY permissive, meaning MAY? (b) In the aforesaid stipulation does the word PLEAS mean the Appellant must PLEAD, DEMUR, FILE OTHER PLEADINGS in contemplation of the statute in such cases made and provided, or does it mean that the appellant must file his PLEAS in the strictest sense?

"2. Is it error for the Court to enter a default judgment, and subsequently enter final judgment, in favor of the appellee while the appellant has on record, pending and undisposed of, demurrer and motion for compulsory amendment containing matters of merit and not frivolous?

"3. Was it error for the Court to refuse to vacate its entry of default judgment and final judgment upon motion of appellant on the grounds that appellant did not promptly object to the entry of same notwithstanding the fact that an undisposed of demurrer and motion for compulsory amendment was of record and pending at the time of entry of said default judgment; final judgment and refusal to vacate same?"

The questions stated are not supported by the record.

The stipulation entered into on February 3, 1936, was as follows:

"It is hereby stipulated by the undersigned that the defendant may file its pleas in the above entitled cause on or before February 17th, A. D. 1936.

"Mack H. Padgett
"Attorney for Plaintiff

"A. C. Johnson
"Attorney for Defendant."

On the 17th day of February, 1936, defendant filed demurrer in the following language:

"DEMURRER TO AMENDED DECLARATION.

"Comes the defendant by its undersigned attorney and demurs to the amended declaration herein and says that the same is had in substance.

"A. C. Johnson<br>
"Attorney for Defendant."

"SUBSTANTIAL MATTERS OF LAW TO BE ARGUED.

"1st. Said amended declaration is vague, indefinite and uncertain.

"2nd. It does not appear by the amended declaration whether plaintiff or deceased procured the insurance of the policy sued upon.

"3rd. The allegations of fraud, deceit, and misrepresentations or mere conclusions of the pleader.

"4th. It is uncertain whether the policy sued on was delivered to the plaintiff or to Revonia Bush, the insured.

"5th. It is uncertain what conditions precedent to defendant's liability was performed by the insured and what conditions precedent was performed by the plaintiff."

And on February 18th defendant filed its motion for compulsory amendment, as follows:

"And now comes the defendant by its undersigned attorney and moves the Court for compulsory amendment of the amended declaration herein and says that said amended declaration is so framed as to prejudice, hinder, and delay a fair trial of said cause and submits the following specifications to-wit:

"1st. So that said amended declaration will show whether the alleged policy was applied for by the insured or by the beneficiary.

"2nd. So as to show whether said policy was delivered to the insured or to the beneficiary, John L. Hopps.

"3rd. Whether or not the premiums were paid by the insured or by the beneficiary.

"4th. So as to show more fully why the possession of the policy was surrendered to the Company, and whether such surrender was before or subsequent to the death of the insured.

"5th. So as to show whether or not the insured died from any of the causes expressly excepted by the policy, sued upon.

"6th. So that said amended declaration will present issues upon which the defendant can traverse, or confess and avoid, or admit."

On May 11th, 1937, the plaintiff filed his motion for default judgment and gave notice to opposing counsel.

On May 12th the Court made the following order on motion for default judgment:

"Above motion to strike and for default judgment being considered and the files examined and it appearing that counsel for the parties executed a stipulation whereby defendant was to file its pleas on or by February 17th, 1936, and it appearing that defendant did not do so but instead filed a demurrer and motion for compulsory amendment and it appearing that notice of this motion has been given and accepted by counsel for defendant as aforesaid, therefore, it is ordered that the motion to strike the aforesaid demurrer and motion is hereby granted, and that the material allegations of the declaration be taken as confessed by the defendant, and that the cause now proceed *ex parte* as to said defendant and that such other proceedings be had herein as is pursuant to law and the rules of court."

On August 13, 1937, the defendant filed motion to vacate the default judgment and final judgment entered in

consequence of default judgment and on August 21st the court entered an order on that motion, as follows:

"Defendant moves to set aside and vacate a default judgment entered by the Court on May 12th, 1937, as follows:

"Motion for default judgment being considered and the files examined and it appearing that counsel for the parties executed a stipulation whereby defendant was to file its pleas on or by February 17th, 1936, and it appearing defendant did not do so, but instead filed a demurrer and motion for compulsory amendment, and it appearing that notice of this motion has been given and accepted by counsel for defendant, therefore, it is ordered that the motion to strike the aforesaid demurrer and motion is hereby granted, and that the material allegations of the declaration be taken and confessed by the defendant, and that the cause proceed *ex parte* as to said defendant, and that such other proceedings be had herein as is pursuant to law and the rules of court.

"Notice of above hearing was accepted by counsel for defendant, who, in the acceptance, agreed that the same be disposed of without further notice, and no argument thereon was presented by counsel for either of the parties. Apparently the case has lagged a great deal, but in view of the fact that counsel for defendant had full opportunity to appear and be heard when above order was made, and made no protest thereon until August 13th, 1937, when the pending motion to vacate was filed, and the further fact that the stipulation referred to was to file pleas and instead procedural objections were filed, the court is of the opinion that the motion to vacate the default judgment should not be granted, and it is therefore denied."

The record shows that the final judgment was entered on the 7th day of June, in vacation.

So it is that the argument and authorities cited are not

applicable to the instant case because it is shown by the record that before the entry of default, motion was made to strike the motion for compulsory amendment and also to strike demurrer to amended declaration, and to that motion was appended the following: "Received of Mack H. Padgett, Attorney for Plaintiff, a true copy of the above and foregoing motion for default judgment and hereby agree that the court dispose of same without fur-. ther notice. This 11th day of May, A. D. 1937. (Signed) A. C. Johnson, Attorney for the Plaintiff." Johnson was, however, attorney of record for defendant. And, thereupon, the Court entered its order of May 12th, 1937, herein above quoted wherein the court granted the motion to strike the motion for compulsory amendment and to strike the demurrer.

. So it is, the demurrer and motion for compulsory amendment were disposed of at the time default was entered.

The motion made on August 13th, 1937, was made and presented after the default and final judgment consequent thereon had become absolute by the running of time.

The default was entered, as heretofore stated, on May 12th and it stood for more than twenty (20) days when the court entered final judgment thereon, on June 7th, 1937.

For the reasons stated, the judgment should be, and is, affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL and BROWN, J. J., concur.

CHAPMAN, J., dissents.

CHAPMAN, J. (dissenting).—I cannot agree to the opinion in this case. I think the stipulation of counsel sufficient to give the right or privilege of filing the demurrer and the motion for compulsory amendment and an order should

have been entered making disposition of these pleadings— it appears to me that it was error to strike the same. I think the judgment should be reversed.

### On Petition for Rehearing

Per Curiam.—This case was disposed of by our opinion and judgment entered herein on June 16th, 1938, upon the questions presented by the Plaintiff in Error under Amended Rule 20.

The question of the propriety of the order of the Circuit Court striking demurrer and motion for compulsory amendment was not stated as one for our determination.

Under Amended Rule 20 the Plaintiff in Error or Appellant is required to state the questions which will be relied on for reversal and cannot complain if the Court fails to consider questions not stated in conformity with the requirements of the Rule.

Rehearing denied.

Whitfield, Brown, and Buford, J. J., concur.

Chapman, J., dissents.

Chapman, J. (dissenting).—I think a reversal of the judgment should be entered due to the confused status of the pleadings and the different construction placed thereon by Counsel at the time a pleading was required under the last Court order.