**STATE OF FLORIDA ex rel. ED FRIEDRICH, v. P. B. HOWELL, as Judge of the County Court of Sumter County, State of Florida.**

23 So. (2nd) 153                               June Term, 1945
September 7, 1945                                  Division A

Beacham & Gaulden, for petitioner.

J. C. Getzen, Jr. and Carroll W. Fussell, for respondent.

PER CURIAM:

This is a case of original jurisdiction. On July 23, 1935, Ed Friedrich sold to Brown & Son, of Wildwood, Florida, one "refrigerated ten foot counter" for the sum of $830.00. Brown & Son at the time paid $150.00 in cash and executed a conditional sale contract to Friedrich for the balance in the sum of $680.00. This amount was to be paid in twenty-three monthly installments of $29.57. Brown & Son defaulted in their monthly payments and on March 12, 1938, Ed Friedrich instituted replevin in the County Court of Sumter County, Florida. For additional pertinent facts see Friedrich v. Brown, 144 Fla. 773, 198 So. 701.

Within the three day period provided by statute Brown & Son, defendants in replevin, gave a forthcoming bond and the property supra was redelivered to them by the Sheriff. The Clerk of the County Court of Sumter County, Florida, on motion of counsel for defendants below, on June 6, 1938, entered an order dismissing the replevin suit. The effect of this anonymous order placed Brown & Son in possession of Friedrich's property and the owner's action to recover possession dismissed. The order of dismissal was approved by the County Court of Sumter County and on appeal affirmed by the Circuit Court. This Court held the order of dismissal void. See Friedrich v. Brown, supra.

On April 30, 1941, the Honorable P. B. Howell, Judge of said Court, on motion of counsel for Friedrich, entered a default judgment for the want of a plea or demurrer by the defendant in the County Court of Sumter County. The Clerk, Roy Caruthers, on November 8, 1944, by an appropriate certificate recited that defendant Brown & Son had no plea or demurrer on file in the cause when the default was entered

on April 30, 1941. Likewise, a final judgment in replevin for plaintiff was entered by Judge Howell on March 30, 1944. The court below, after a period of more than sixty days as provided for by Section 50.10, Fla. Stats. 1941, on to-wit; September 12, 1944, made and entered an order on motion of counsel for defendants below setting aside, vacating and holding for naught as irregular and void both the default judgment and the final judgment previously entered.

An alternative writ of mandamus directed to the Honorable P. B. Howell, Judge, issued here commanding him as Judge to cancel of record and order of September 12, 1944, thereby restoring to full force and effect the default judgment entered April 30, 1941, and the final judgment entered March 30, 1944, in the case of Ed Friedrich v. J. M. Brown and Theodore L. Brown, trading as Brown & Son, pending in the County Court of Sumter County or show cause why a peremptory writ of mandamus should not issue.

The order dated September 12, 1944, vacating and setting aside the default and final judgments, respondent Howell contends in his answer or return to the alternative writ, should be sustained by his Court because (1) plaintiff (Ed Friedrich) failed to file a motion to vacate the order of dismissal entered by the Clerk and therefore the motion of defendants to dismiss was pending undisposed of on September 12, 1944. The answer to this contention is that this motion to dismiss and the order of dismissal so entered by the Clerk were not only void and without merit but failed to state a legal reason why the plaintiff could not maintain his action in replevin. (2) The final judgment was entered without the intervention of a jury and therefore irregular and void, and the court was without authority to enter the judgment. We have held in many instances that a judgment regular on its face could not be collaterally attacked. The trial court had the power to enter the judgment without a jury. See Section 50.11, Fla. Stats. 1941. (3) It is next contended that the amount of the judgment exceeds the jurisdiction of the court. The judgment so entered is for the sum of $499.00, and costs taxed at the sum of $90.25. We fail to find merit in this contention.

It is to be observed that the order of September 12, 1944, vacated and held invalid both the default and final judgments. Plaintiff below could not appeal and was without a remedy to review except by mandamus. See Cornelius v. State ex rel. Tampa West Coast Realty Co., 136 Fla. 506, 183 So. 754; State ex rel. Payson v. Chillingworth, 122 Fla. 339, 165 So. 264; State ex rel, Baggs v. Frederick, 124 Fla. 290, 168 So. 252.

The entry of the default and the final judgments in the County Court of Sumter County as shown by the record is fully sustained by our statutes and decisions. See Sections 50.10 and 50.11, Fla. Stats. 1941; Atlanta Life Ins. Co. v. Hopps, 133 Fla. 300, 183 So. 15; State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So. (2nd) 324.

We therefore hold that the answer or return of the respondent to the alternative writ is legally insufficient and fails to constitute a defense. Respondent is granted fifteen days from date hereof in which to file a legally sufficient answer or return and upon his failure so to do a peremptory writ will issue.

It is so ordered.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.