**JESS V. COHN v. WILLIS COHN**

36 So. (2nd) 199                                    June Term, 1948
June 25, 1948                                         Division B

*Joseph A. Wanick,* for appellant.
*George Wood,* for appellee.

ADAMS, J.:

This appeal questions the granting of a $1000.00 master's fee in an uncontested divorce action. On rehearing the chancellor reduced the fee to $750.00. The award was made upon the master's report that:

"The Master has received no fees for his services in this matter but would show to the Court that there have been five or six hearings and many, many conferences with both the attorneys for the parties and the parties themselves, both in the presence of the counsel and at times when no counsel was present and innumerable telephone conversations. The Master is of the opinion that all the parties and their attorneys would agree that the patient and sympathetic handling of this cause by the Master has brought about a settlement between the parties which could not have been done if it had been handled otherwise. Therefore the Master suggests to the Honorable Court that he be paid a fee of not less than $1,000.00."

On final hearing the divorce was granted without contest and property settlement, previously agreed upon, was approved by the court and the $1000.00 fee was awarded the master. Upon petition for rehearing the chancellor observed:

" . . . The Court takes into consideration the following:

"1. The importance of this case.

"2. The age of the Special Master.

"3. The ability of the Special Master.

"4. The experience of the Special Master.

"5. The wide knowledge of law of the Special Master.

"6. The responsibility assumed herein by the Special Master.

"7. The quality of the work done by the Special Master herein.

"8. The testimony taken on the said petition for rehearing.

"9. The purchase power of money.

"10. The financial ability of the defendant.

"11. The income of the defendant.

"12. The fact that the defendant has not testified that the allowance herein made for the Special Master will work any financial hardship upon him.

"13. The fact that the defendant is a leading physician and surgeon in his specialty in this community and thereby enjoys a large income therefrom.

"14. The fact that at final hearing of this cause, George W. Wood, attorney for plaintiff, and Lawrence E. Hoffman, attorney for defendant, both stated to the Court that the said allowance as Special Master's fee in the final decree was reasonable.

"At the hearing before the undersigned on said petition for rehearing the Special Master in Chancery stated he would be satisfied with a fee of $750.00. . . . "

Thereupon the fee was reduced to $750.00 which is now asserted to be excessive.

The chancellor failed to apply the right principle of law. The statute, Sec. 62.07, Fla. Stat., 1941, F.S.A., prescribes a standard relative to master's compensation. From the above quotation it is apparent that the chancellor failed to be guided by the statute.

It is well stated by Kooman, Florida Chancery Pleading and Practice, page 306:

" . . . Where masters are to hear witnesses, examine and consider evidence, try and determine controverted questions of fact, investigate and state complicated and controverted accounts, and make reports of the proceedings and results to

the court, it has generally been understood and practiced that they should be allowed a reasonable compensation irrespective of schedules of fees. In such cases the court will allow compensation commensurate with the master's ability, experience, and fitness for the tasks assigned to him and commensurate with the importance and difficulty of his work and the responsibility it imposes upon him. But the tendency of the court should be to keep down these charges instead of adding to the burdensome expense of litigation. In all ordinary cases of no peculiar or special difficulty, and involving no extraordinary labor, the master should be allowed no greater compensation than that fixed by the statute or rule of court. . . . "

The author has made a fair summation of our holdings in Mabry, et al., v. Knabb, 151 Fla. 432, 10 So. (2nd) 330; Marion Mts. Co. v. Moorman, et al., 100 Fla. 1522, 131 So. 650.

There is no basis in this case to warrant compensation in addition to that fixed by the statute and the decree is reversed for another decree according to law.

Reversed.

THOMAS, C. J., BARNS and HOBSON, JJ., concur.