The single question presented on this appeal is the reasonableness of the fee allowed by the Chancellor below. It appears by the record that the final decree fixed the amount of the Special Master's fee at the sum of $3,000, and was taxed as costs of the suit and apportioned for payment, equally, between the parties — as all other issues appear to have been settled or adjusted by the parties litigant. A provision in the decree made the Special Master a party so that he could defend in this Court the reasonableness of the allowance.
A certified copy of the transcript of record, comprising some 285 pages, has been filed in this Court. This record discloses the entire proceeding had before the Special Master. Counsel for appellants point out that five hearings of less than half a day each were had before the Special Master and during the time 189 pages of testimony were taken and exhibits offered by the parties by him filed. The race track valued at a considerable sum was not involved in the suit. The allowance of $3,000 could not reasonably be based on extraordinary services rendered by the Special Master. Emphases were placed on the fact that the issues were no complicated; intricate or difficult points of law were not involved; unusual skill, learning or ability were not required by the facts on the law and the duties so performed by the Special Master should be compensated under the provisions of Section 62.07, F.S.A.
The order of reference imposed the duties of hearing the evidence, ruling upon the admissibility of the testimony, determining the questions of procedure, and making a report to the Chancellor, with findings of fact, conclusions of law, and recommendations as to a decree. The written report of the Special Master discloses that the several directions of the Chancellor were carefully observed. The report contains: (1) a painstaking analysis of the pleading; (2) a summary of all the testimony; (3) the contention of the respective parties; (4) citations of applicable authorities; (5) findings of fact; (6) findings of law; (7) recommendations to be observed in the entry of a final decree. Counsel for appellants contend that the report as made is more detailed and elaborate than the merits of the controversy require.
Our conclusion, after a careful study of the whole record, is that the services performed by the appellee as Special Master have been more than required by the usual mill run cases and for which compensation *Page 281 
is made under the provisions of Section 62.07, F.S.A. The duties so performed were not difficult nor burdensome but certainly required a limited amount of special or extraordinary services and for which the Special Master should be compensated. It is probable that some of the duties as performed by the Special Master, officially, rested upon the shoulders of the Chancellor under Section 11 of Article 5 of the Constitution of Florida, F.S.A. Our Statutes provide compensation for the several members of the judiciary of the State of Florida. Litigants should not be required to pay for special services rendered by a Spcial Master, which said services by law are imposed upon and made the official duties of members of the judiciary and for which work their compensation is fixed by law.
The point in controversy is ruled by our holding in Marion Mortg. Co. v. Moorman, 100 Fla. 1522, 131 So. 650. See Cohn v. Cohn, 160 Fla. 619, 36 So.2d 199; Rainey v. Rainey, Fla., 38 So.2d 60, and similar cases. We hold that the allowance of $3,000 to the Special Master for his services is excessive and cannot be sustained by the record. The portion of the final decree fixing compensation for the Special Master in the sum of $3,000 is reversed. The Chancellor below is hereby directed to make and enter an order or decree awarding compensation to the Special Master for services rendered in a sum not to exceed $500.
It is so ordered.
ADAMS, C.J., and CHAPMAN, SEBRING and HOBSON, JJ., concur. *Page 355