44 So.2d 656 (1950)
PROVUS
v.
PROVUS.
Supreme Court of Florida, Division B.
February 21, 1950.
Donald J. Eanett and Mallory H. Horton, Miami, for appellant.
Berick & Shapiro, Miami Beach, Herbert S. Shapiro and Richard E. Gerstein, Miami Beach, for appellee.
PER CURIAM.
Helen L. Provus, wife of David Provus, filed her bill of complaint in the Circuit Court of Dade County, Florida, against her husband, David Provus, and alleged facts constituting extreme cruelty and prayed for an order allowing her temporary alimony unconnected with a divorce. The application was referred to a Special Master, who heard the parties, and thereafter recommended the entry of an order by the Chancellor viz.: (1) requiring David Provus to pay to his wife the sum of $100 per week; (2) that David Provus pay to his wife's attorneys as a reasonable attorney fee for services rendered the sum of $5,000; (3) *657 that he pay the sum of $750 as a fee to the Special Master.
The Chancellor, on November 9, 1948, by an appropriate order, accepted and approved the Special Master's recommendation as to (1) the weekly allowance of alimony to the wife; (2) the allowance of $750 to the Special Master, but reduced the amount of temporary counsel fees from $5,000 to the sum of $2,500. Some few days after the entry of the order, the parties became reconciled and assumed their former marital relations. David Provus failed to pay the allowance of temporary counsel fees and, on petition of counsel for the wife, a rule to show cause was served, a hearing had, and a final judgment entered requiring the payment of the allowance of $2,500. An appeal from the order allowing both the Special Master's fee in the sum of $750 and the final judgment awarding counsel fees in the sum of $2,500 has been perfected here. It is contended that each allowance made below is excessive.
The record certified to this Court comprises some 225 pages, exclusive of several pages of Exhibits. It discloses that David Provus' net income for the year 1946 was the sum of $16,400.70 and for the year 1947 the further net sum of $18,647.37. We find nothing intricate or difficult reasonably calculated to impose extra duties on the Special Master or counsel for the wife, but, on the other hand, it is the usual mill run case for which the Special Master's compensation should be calculated under the provisions of Section 62.07, F.S.A. See Marion Mortgage Co. v. Moorman, 100 Fla. 1522, 131 So. 650; Cohn v. Cohn, 160 Fla. 619, 36 So.2d 199; Rainey v. Rainey, Fla, 38 So.2d 60; Gulfstream Park Racing Ass'n v. Clark, Fla., 42 So.2d 279.
Fixing the amount of counsel fees, as a general rule always presents a delicate question. Under our adjudications some of the elements usually considered are: services rendered, responsibility incurred, the nature of the services, the skill required, the circumstances under which it was rendered, the ability of the litigants to respond, the value of the services to the client, and the beneficial results, if any, of the services. Our leaders of the bench and bar have never accepted as a yardstick of measurement of attorney fees the myth that all the property of the payee should be appropriated for its payment, but only so much thereof as will compensate for services rendered. The allowance made should square with fairness and justice to all alike under similar conditions and circumstances. It is our view and conclusion that the appellant has failed to show an abuse of discretion with respect to the allowance of the attorneys fee. See Garlick v. Garlick, Fla., 38 So.2d 222.
The decree appealed from is affirmed in part and reversed in part with directions for further proceedings in the court below not inconsistent with the views herein expressed.
It is so ordered.
ADAMS, C.J., and CHAPMAN, SEBRING and HOBSON, JJ., concur.