TERRELL, Chief Justice.
Rudy Pugash sued and recovered a judgment for personal injuries against Sea Isle Holding Corporation and Robert L. Tur-chin, Inc. Each insurance carrier made payment on and settled the judgment without prejudice as to their respective claims against each other. Thereafter on April 22, 19S4, the insurance carrier for Sea Isle Holding Corporation filed Suit No. 30562 against Robert L. Turchin, Inc., to recover that portion of the judgment paid by it. The case was assigned to Judge Wise-heart’s division. April 23, 1954, Robert L. Turchin, Inc., without knowledge of the suit of Sea Isle Holding Corporation against it, filed Suit No. 30579 against Sea Isle Holding Corporation for like purpose. It was assigned to Judge Herin’s [respondent’s] division. Service was secured in both suits April 26, 1954. In Case No. 30562, defendant Robert L. Turcbin, Inc., filed its defense and counterclaim. In Case No. 30579, defendant Sea Isle Holding Corporation filed no defense, default was entered against it May 28, 1954, on which final judgment was entered October 20, 1954. December 19, 1954, Sea Isle Holding Corporation moved to set aside the final judgment in Case No. 30579 and on September 22, 1955, the said motion was granted. Robert L. Turchin, Inc., secured an alternative writ of mandamus from this court commanding respondent to enter an order vacating and setting aside the order of the Circuit Court of Dade County entered on September 22, 1955, in so far as it relates to the default judgment entered in said cause May 28, 1954, or show cause why he refuses to do so. We are confronted with a motion to quash the alternative writ.
Respondent admits that he can find no case to guide him in support of his motion but he says that on account of the factual situation presented, the order complained of was a discretionary one and that the petition for alternative writ of mandamus shows no abuse of discretion; that it fails to make out a prima facie case and being so, the motion to quash should be granted. Respondent also asserts that if he had known of the proceedings pending before Judge Marshall C. Wiseheart involving the same parties and subject matter, he would not have entered the default and final judgment against Sea Isle Holding Corporation because under Rule 7(d), Rules of Practice *580 in Circuit Court of Dade County, the cause should have been automatically transferred to Judge Wiseheart, before whom Case No. 30S62 was pending.
In response to the contention of respondent, relator says that mandamus is the only remedy available to one aggrieved in a case of this kind. State ex rel. Friedrich v. Howell, 156 Fla. 163, 23 So.2d 153. Relator further says that defendant neglected to plead in Case No. 30579 in violation of Florida Common Law Rule 13 (now 1954 Rules off Civil Procedure 1.11, 30 F.S.A.) and Florida Statutes 1953, Sec. 52.11(1), F.S.A. (now 1954 Rules of Civil Procedure 1.13) as follows:
“Compulsory counterclaim. — The defendant, at the time of the filing of his pleas, shall state as a counterclaim, any claim, whether the subject of a pending action or not, which he has against the plaintiff, arising out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.”
Relator contends that the phrase, “whether the subject of a pending action or not,” clearly controls this case. Relator also points out that Sea Isle Holding Corporation took the position that the lower court had no jurisdiction to proceed in the second suit, relying on State ex rel. Hendricks v. Hunt, Fla.1954, 70 So.2d 301; Horter v. Commercial Bank & Trust Company, 99 Fla. 678, 126 So. 909, and Sec. 52.12(2), Florida Statutes, F.S.A. We do not feel that any consideration of the above quoted rule is necessary for a determination of this cause for reasons to be subsequently related.
Relator supports its contention with the suggestion that the default and final judgment were entered in compliance with law and that application to set it aside was not made in compliance with Sec. 50.10, Florida Statutes 1953, F.S.A., as follows:
“The court may, for good cause shown upon any default for want of appearance or plea, set aside such default, and allow the defendant to demur or plead within a period of time to be fixed by the said court; but the application therefor must be made within sixty days from the time of the entry of such default, unless a term of the court shall in the meantime be held, when such application must be made during such term.”
The facts detailed present an unusual situation, and it is easily understood why respondent was unaware of the prior action pending before his brother Circuit Judge. It is rather difficult, however, to understand why Sea Isle Holding Corporation, defendant in the cause before respondent, was unaware of the action against it as there is no dispute that it was properly served with process. It failed to file any pleadings whatsoever. Relator, on the other hand, did file its answer and counterclaim in response to the action brought by Sea Isle Holding Corporation. The fact that relator vigorously contested the first suit as defendant, is no reason to excuse Sea Isle Holding Corporation for failure to file such pleadings as necessary to protect it against default in the second action.
As to Rule 7(d) of the Rules of Practice in the Circuit Court of Dade County requiring assignment of cases involving the same subject matter etc. to the division of the court to which the first case is assigned, it is enough to say that this is a sound and salutary rule. However, it cannot be interpreted to mean that failure to observe it will di-vest a division of the court of its jurisdiction, or to give a defendant the right to ignore service of process or absolve him of the duty to file a proper motion to assign a cause under the rule or to file such other pleadings as necessary to protect the defendant from default, thereby preserving his day in court.
*581 It is our opinion that the question before us is concluded by Sec. 50.10, Florida Statutes 1953, F.S.A., which was in full force and effect when the motion to vacate was filed. See also Sec. 26.32, Florida Statutes, F.S.A.
Since the terms of Dade County Circuit Courts are defined by Sec. 26.32, Florida Statutes, F.S.A., and the motion to set aside the default and final judgment did not comply with Sec. 26.32 or Sec. 50.10, Florida Statutes 1953, F.S.A., the Circuit Court had lost jurisdiction to set aside the default long before the motion for that purpose was made. State ex rel. Benach v. Hef-fernan, Fla.1954, 71 So.2d 745.
It follows that the motion to quash the alternative writ of mandamus is denied, the peremptory writ is issued.
DREW, THORNAL and O’CONNELL, JJ., concur.
THOMAS, HOBSON and ROBERTS, JJ., dissent.