336 So.2d 693 (1976)
Leo J. GOLUB, Appellant,
v.
Rebecca N. GOLUB, Appellee.
No. 75-1587.
District Court of Appeal of Florida, Second District.
August 11, 1976.
Rehearing Denied September 22, 1976.
David A. Maney of Gordon & Maney, Tampa, for appellant.
David S. Yost, Sarasota, for appellee.
PER CURIAM.
Appellant/husband seeks review of an order which he contends illegally modified the final judgment in a dissolution of marriage proceeding. In November, 1973, the appellee/wife was awarded temporary alimony, attorney's fees, and suit money, each amount subject to being used as set offs upon final determination of the cause. On February 24, 1974, the marriage was dissolved absolutely by a partial final judgment in which the court reserved jurisdiction on other issues raised by the pleadings. A final judgment was entered June 2, 1975, awarding alimony to the wife and determining her ownership in certain stock and in a partnership. The court awarded $5,000 as a special master's fee to be paid by the appellant.[1] No other costs were assessed *694 against the husband and the court did not specifically reserve jurisdiction for this purpose. Appellee timely filed a notice of appeal from the partial final judgment and final judgment in this court on July 2, 1975, which was voluntarily dismissed.[2]
On July 15, 1975, appellee filed a motion for contempt for appellant's failure to pay alimony, and on July 30, filed a motion for contempt for appellant's failure to transfer certain properties as ordered in the final judgment. Also, on July 30, appellee filed a motion to tax attorney's fees and suit money in her favor. On that same day, appellee filed a notice of hearing on the issues of contempt and costs as reserved by the February 24, 1975 partial final judgment. At the hearing on said motions, the court granted appellee's oral motion to reopen and amend the final judgment for the purpose of assessing costs accrued prior to the entry of the said final judgment. On October 6, 1975, an order was rendered by the trial court ordering appellant to transfer the stock and partnership interest to appellee, and finding that appellee was entitled to a judgment of costs, but the specific amount was to be determined at such time as the wife provided the attorney for the husband a more detailed breakdown of costs.
Two points are presented for our consideration and decision. In point one, appellant contends that the trial court did not have jurisdiction to modify the final judgment to order him to transfer the stock and partnership interest. In point two, appellant contends that the trial court was without jurisdiction to assess additional costs.
As to point one, we hold that the order of October 6, requiring the transfer of certain assets awarded by the court in the final judgment to the appellee, was not a modification of the final judgment, but rather was an appropriate effort on the court's part to enforce those provisions of the final judgment. Hoover v. Scott, Fla. 1950, 44 So.2d 657.
To decide point two, it is advisable first to consider the nature of costs. Costs are statutory allowances recoverable by the successful party as an incident to the main adjudication. State v. Barrs, 1924, 87 Fla. 168, 99 So. 668. They are neither part of the damages claimed nor a penalty and need not be specially pleaded or claimed. State v. Barrs, supra. The amount of costs does not affect the jurisdiction of the court. State v. Howell, 1945, 156 Fla. 163, 23 So.2d 153. Unlike the substantive issues in a lawsuit, we know of no rule which precludes a court from later entertaining a motion to tax costs even though it has not reserved jurisdiction to do so.
In the course of discussing appellate review from the taxing of costs, this court in Craft v. Clarembeaux, Fla.App.2d, 1964, 162 So.2d 325, assumed the propriety of an order taxing costs entered after the time for appealing from a final judgment had expired. Subject to the requirement of moving within a reasonable time, our supreme court held in Roberts v. Askew, Fla. 1972, 260 So.2d 492, that "costs may be adjudicated after final judgment, after the expiration of the appeal period, during the pendency of an appeal, and even after the appeal has been concluded." Admittedly, the judgment entered in that particular case prudently included a provision "`that cost may be taxed upon motion,'" but the opinion does not suggest such a reservation as being necessary to jurisdiction.
The partial final judgment of February 24, 1975, dissolved the marriage but reserved jurisdiction on numerous other issues. This reservation was necessary to retain jurisdiction to pass upon these issues. Hyman v. Hyman, Fla.App.2d, 1975, 310 So.2d 378. The final judgment of June 2, 1975, resolved these issues. However, costs are in a different category. Cf. Chipola Nurseries, Inc. v. Division of Administration, Fla.App.1st, 1976, 335 So.2d 617. It was not necessary to reserve jurisdiction over costs in order to enter a subsequent order taxing costs in favor of the successful *695 party. Therefore, the court did not need to try to reopen the judgment in order to award the costs. The length of time between the entry of the final judgment and the order of October 6, 1975, directing that costs should be taxed, was not unreasonable. Roberts v. Askew, supra.
Of course, the special master's fee was a cost. See City of Miami v. Murphy, Fla. 1962, 137 So.2d 825; Garlick v. Garlick, Fla. 1948, 38 So.2d 222; 8 Fla.Jur., Costs, § 2 (1958, Supp. 1976). Therefore, appellant suggests that the charging of the $5,000 special master's fee against him in the final judgment constituted a rejection of any other claims for costs. However, the final judgment doesn't say this, and an examination of the transcript of hearing which resulted in the order of October 6, 1975, reflects that the court intended for the taxation of other costs to occur at a subsequent date. We believe that the court was within its authority to enter its order of October 6, 1975, directing the taxing of further costs. Our holding would be otherwise if it appeared that the court had already passed on the issue of costs when it entered the final judgment.
AFFIRMED.
BOARDMAN, Acting C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] The court found that the husband's lack of candor concerning his income, assets, and net worth necessitated the appointment of a special master and the temporary award of attorney's fees. The appellee was denied further attorney's fees because the terms of the final judgment enabled her to pay them herself.
[2] Case No. 75-951. Order dismissing appeal entered July 24, 1975.