346 So.2d 1069 (1977)
Charles N. DONNER, Appellant,
v.
Margo DONNER, Formerly Known As Margot Donner, Appellee.
No. 77-162.
District Court of Appeal of Florida, Third District.
June 7, 1977.
L.J. Cushman, Miami, for appellant.
No appearance by counsel for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
This action was commenced by Margo Donner, formerly known as Margot Donner, filing a complaint to set aside certain property settlement agreements.
After the pleadings closed, the parties stipulated for the appointment of a special master and, upon such stipulation, an order of reference was entered appointing Shelby Highsmith (a former circuit judge) as special master to conduct a trial upon the issues in the cause, to make his findings of fact and conclusions of law, and report same to the court. Thereafter, the master conducted hearings on five different days and received oral argument on another day from opposing counsel. The matter was referred to him by order on September 3, 1975; he heard final argument on April 14, 1976, and filed his five-page special master's report on June 2, 1976. In the report, he found that the defendant, Charles N. *1070 Donner, had committed a fraud upon his former wife as to his net worth, he having indicated to her it was approximately $3,000,000.00 when, in fact, he had a net worth of approximately $7,000,000.00. He also made other misrepresentations relative to the value of certain corporate stock, as a result of which the special master recommended that the property settlement agreements be set aside; that the parties, as near as possible, be returned to the status quo prior to the execution of said agreements, and that further hearings be held to determine the alimony and property rights of Margo Donner.
Thereafter, the special master filed a motion for the determination and award of special master's fee. An affidavit in support of said motion indicated that the master reviewed 17 legal instruments and memorandums of law; that he received 22 pieces of correspondence; that he prepared 7 pieces of correspondence; that, in addition to 5 days of final hearings, he had 4 other days of hearings or conferences with counsel as well as a final day for oral argument. He also indicated that he reviewed the complete court file, researched the law, examined certain exhibits, had numerous telephone conversations, and reviewed all exhibits admitted into evidence and the transcript of testimony. In addition to the affidavit, at the time of the hearing on the motion to fix special master's fees, the master indicated that he had spent in excess of 150 hours on the matter and that the exhibits exceeded, by count, 14,000 pages; that the transcript of testimony was apparently lengthy but the actual number of pages does not appear from the limited record. The special master indicated that he thought a reasonable fee was $20,000.00, and there was expert testimony to support this amount. The trial court noted, and we do also, that the parties to this cause were represented by diligent adversaries, two fine advocates, which would have required strong efforts on the part of the special master to conduct the proceedings in a fair and orderly manner. Following the hearing, the trial judge awarded the $20,000.00 fee to the special master, to be paid by Charles N. Donner. This appeal ensued. It is urged that the chancellor erred in exercising his discretion in the amount of the fee awarded.
Today, in Florida, this is clearly a discretionary matter with a chancellor. See: Section 69.051, Florida Statutes (1975). Prior to this statute, we had statutes that fixed statutory fees and had other statutes providing for fees for extraordinary services. An examination of authorities in Florida indicates that in Marion Mortgage Company v. Moorman, 100 Fla. 1522, 131 So. 650 (1930), an extraordinary fee for a master in the amount of $2,500.00 was disallowed and the master was limited to the then statutory fee; in Cohn v. Cohn, 160 Fla. 619, 36 So.2d 199 (1948), a $750.00 master's fee was also reversed, and the master was accorded nothing but the statutory fee; in Garlick v. Garlick, 38 So.2d 222 (Fla. 1948), without error being assigned, the Supreme Court of Florida found a master's fee of $1,000.00 to be a "jolt to the judicial equilibrium" and returned the matter to the trial court for further consideration; in Gulfstream Park Racing Association, Inc. v. Clark, 42 So.2d 279 (Fla. 1949), a special master's fee of $3,000.00 was reduced to $500.00; in Kleinschmidt v. Kleinschmidt, 66 So.2d 815 (Fla. 1953), a $3,000.00 fee was reduced to $1,500.00; in Reid v. Reid, 68 So.2d 821 (Fla. 1953), a master's fee was reduced to $500.00; and in City of Miami v. Hollis, 77 So.2d 834 (Fla. 1955), a special master's fee of $3,500.00 was reduced to $1,500.00. These cases were decided between 1930 and 1955; we have found no later cases.
As indicated, there was a statute in existence that controlled the fees at this time prior to 1953. See: Section 62.07, Florida Statutes (1951). After 1953, see: Sections 62.07, 62.071, Florida Statutes (1953).[1] It is also noted that at this time, *1071 special masters could be appointed over the objection of the parties; this has not been the case since 1954. Slatcoff v. Dezen, 74 So.2d 59 (Fla. 1954). Obviously, since these earlier cases, inflation has made the dollar worth less; it is also apparent that a special master's fee should not be based on the same criteria as that used in fixing an attorney's fee. It is also recognized that the special master's fee should not be measured by judicial salaries. It is also recognized that in rendering services as a special master, a practicing attorney is required to forfeit the ability to be otherwise gainfully employed by his clients and, in some instances, is prevented from accepting additional clients.
It is apparent, from the parties to this cause and their counsel and the complexity of the issues,[2] that this was a matter of considerable magnitude and involved a substantial sum of money, but this standing alone should never justify a large master's fee. However, taking everything into consideration, we find that a fee in excess of $10,000.00 constituted an abuse of discretion.
Therefore, the order under review be and the same is hereby modified to the extent that the master's fee is reduced to $10,000.00.
Affirmed as modified.
NOTES
[1] Section 62.07, Florida Statutes (1953) was repealed by Laws of Florida, 1967, Ch. 67-254, § 49. Section 62.071, Florida Statutes (1953) was amended and renumbered Section 69.051 by Laws of Florida, 1967, Ch. 67-254, § 23.
[2] It is noted that an accountant was employed, who was in attendance at hearings and prepared documents which consisted of some 23 hours of his time.