W. SHARP, J.
H.L. and Carol Clark, husband and wife, appeal an order which awarded fees to a special master, Krasny, who appears as an intervenor in this appeal. The Clarks raise several issues on appeal, including a challenge to the reasonableness of the fees, and the fact that the order awarding the fees was entered prior to the court’s review of the master’s report. We find no error and affirm.
The Clarks owned a commercial mall in Indialantic with Jack and Barbara Finger (also husband and wife), which housed various business and professional offices. The parties decided to sell this property, and when they were unable to agree on virtually anything, a lengthy and acrimonious legal battle began. Although the parties entered into a settlement agreement on June 25, 1996, legal problems continued to arise regarding the agreement. Eventually, the bank holding the mortgage on the property placed the loan on a delinquent status and indicated that, when the mortgage and note became due in December 1997, they would not be renewed. An offer to purchase the mall was made and accepted by both sides. This, however, was not an end to the haggling between the parties.
On October 28, 1997, the trial court appointed Mike Krasny to act as a closing agent, mediator and special master in this matter. The closing on the property occurred on March 30, 1998. However, there were still unresolved matters which related to expenditures that each party claimed they made for the benefit of the property. Furthermore, each party sought damages for breaches of the settlement agreement, attorney’s fees, costs and interest.
The order which appointed Krasny provided that each side was to pay one-half of Krasny’s fees, and that his fees could be deducted from the closing proceeds. Krasny was awarded interim fees of $12,-500. Later, he prepared and filed his master’s report, sought to withdraw and requested a final award of fees. On October 7, 1999, the court awarded him an additional $13,570 and permitted him to withdraw. It is this order which is the subject of this appeal.
*562 The standard of compensation for special master fees in Florida has changed. At one time, Florida combined statutory and discretionary approaches to setting masters fees, by establishing a statutory fee schedule for routine, ministerial tasks generally performed by masters, and for permitting courts to exceed the statutory fee and award greater compensation, where the work the master performed demanded greater skill. See Provus v. Provus, 44 So.2d 656, 657 (Fla.1950); Gulf-stream Park Racing Ass’n, Inc. v. Clark, 42 So.2d 279 (Fla.1949); Rainey v. Rainey, 38 So.2d 60 (Fla.1948); Cohn v. Cohn, 160 Fla. 619, 36 So.2d 199 (1948). At present, section 69.051 gives the trial court discretion to award such fees.[1] Donner v. Donner, 346 So.2d 1069 (Fla. 3d DCA 1977). Thus, we must review this award on an abuse of discretion standard.[2] Donner.
We agree with Donner that a special master’s fee should not be based on the same criteria[3] as those used in fixing an attorney’s fee award. Section 69.051 permits compensation for any service the trial court deems reasonable, giving the court absolute discretion in masters fees awards. But there is little or no current decisional law to guide trial- courts on this issue. Although the earlier statutory fee schedule has been abolished in Florida, we think the earlier decisional law, which sets out factors the supreme court viewed important in this regard, is instructive.
Relevant considerations include the extent to which a master hears witnesses, examines and considers evidence, tries and determines controverted questions of facts, investigates, determines controverted accounts, and makes reports of proceedings and results to the court. Cohn; Marion Mortg. Co. v. Moorman, 100 Fla. 1522, 131 So. 650 (1930). The difficulty, intricacy, complexity and burden of the controversy are also an important factors. Provus at 657. And compensation should be commensurate with the master’s ability, experience and fitness, and the responsibility imposed on him or her. Marion Mortg. Similarly, the helpfulness of the report and the expertise used to prepare the report is an appropriate consideration for the trial court. Anderson v. City of North Miami, 99 So.2d 861 (Fla.1958). Useless and unnecessary labor would not be a proper ground for compensation. Id.
It is difficult, if not impossible, 'to review a trial court’s award on an abuse of discretion standard without factual findings. Clearly the better practice is for the trial court to state the basis or reasons for the award in its order. And, since the usefulness and quality of the master’s report is also a consideration for the trial court in setting a fee award, it is also best for the court to make the fee award after it has had an opportunity to review the report. In this case, no factual findings regarding the award were made by the trial court, and the award was made prior to the court’s consideration of the master’s report.
However, the absence of both practices does not necessarily bar a fee award. It is apparent from the record that Krasny spent a total of two years working on this case, and served not only as a special master, but also as a closing *563 agent and mediator. He submitted a detailed affidavit[4] in support of his motion for fees which included, inter alia, hearings, and defense of a motion by the Clarks to have him recuse himself as special master.
The affidavit indicates he spent 61.25 hours of his time, which he billed at $200.00 per hour, or $12, 250, plus $1,627.75 in costs. The court awarded him slightly less than that amount: a total of $13,570, of which $11,942.25 represented Krasny’s fee.[5] Based upon the work performed, the multiple tasks assigned to Krasny, and the length of time involved, we do not find Krasny’s hourly fee unreasonable merely because it is comparable to his fee as a practicing attorney. Not only is the fee award supported by the record, but in addition, this long and complicated case undoubtedly resulted in Krasny’s having to forgo fees from other sources of employment, and from accepting additional clients.
Since we find no abuse of discretion in the trial court’s award under the facts of this case, the cause is hereby AFFIRMED.
DAUKSCH and COBB, JJ„ concur.

. 69.051 provides:
Masters in chancery shall be allowed such compensation for any services as the court deems reasonable including time consumed in legal research required in preparing and summarizing their findings of fact and law.

. See generally, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Clough v. Christopher, 711 So.2d 610 (Fla. 5th DCA 1998).

.We distinguish, however, the "same criteria” language from "comparable fee” language, as not being synonymous. Under section 69.051, there is nothing which would preclude a special master's fee from being comparable to that of a practicing attorney, depending on the circumstances of the controversy, the extent of the master’s assignment, and the master’s expertise.

. The affidavit listed the nature of the service provided, the date and the amount of time spent.

. This comes to an hourly fee award of $195.00.