HAROLD TOURNIER, PLAINTIFF-RESPONDENT, v. C. B. SNYDER REALTY CO., DEFENDANT-APPELLANT.

Submitted October 6, 1942—Decided April 22, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Sylvan S. Cohen.*

For the respondent, *Winograd & Rosenblum (Abram S. Freedman,* of counsel).

The opinion of the court was delivered by

HEHER, J. The question for decision is whether the defendant broker is liable for the return of payments made to it by plaintiff on account of the purchase price of a dwelling house owned by a third person. The negotiations did not eventuate in a contract of sale.

These are the essential circumstances: Defendant is a licensed real estate broker. On November 10th, 1941, the landowner, in writing, granted to it "the sole and exclusive right to sell and convey" the lands for the price of $3,800, in cash, or "any other price, terms, and conditions" the owner "may accept," and agreed, in the event of a sale, no matter by whom negotiated, to pay defendant a commission of 5% of the sale price. Defendant directed the attention of plaintiff to the property; and, on the ensuing November 18th, plaintiff signed a memorandum termed a "Purchase Agreement," whereby he agreed to purchase the lands "through" defendant, "agent of owner," for the price of $3,800. The execution and delivery of the memorandum were accompanied by the payment of $200 "to said agent on account of the purchase price;" the purchaser undertook to pay $300 in cash on November 25th following and $1,300 in cash "on delivery of deed on or before" the ensuing December 15th; and the payment of the balance of $2,000 was to be secured by a 6% first mortgage covering the premises, amortized at the rate of $10 per month. It was provided, however, that "if mortgage is to be raised," plaintiff would "pay search fees and disbursements, and also the sum of $100" to defendant "for procuring mortgage." Defendant signed an acknowledgment, appended to the writing, of the receipt of $200 from plaintiff, "to be applied as above set forth, subject to owner's acceptance." On November 22d, plaintiff paid an additional

$300 to defendant on account of the purchase price. The owner did not accept the terms so laid down, and did not sign the memorandum. Shortly thereafter, defendant tendered to plaintiff a counter-written proposal signed by the owner, calling for the payment of the stated purchase price in cash, but containing a clause providing that defendant "shall endeavor to procure a first mortgage in the amount of $2,000," payable in five years with interest at 6%, amortized at the rate of $10 per month, in consideration of which plaintiff would pay to defendant "brokerage fees" of $100, and assume also the payment of all search fees, disbursements, and attorney's fees. Plaintiff refused to sign the memorandum thus submitted on the ground that it deviated in substance from the terms set down in the original proposition tendered by him; and no contract of sale was made. Defendant offered evidence tending to show that it deemed the payments made by plaintiff to be the landowner's property, and, since it was the latter's agent, it was in duty bound to pay the moneys to him immediately upon their receipt, which it did, and so it is not accountable therefor. Judge Hansen concluded that, until a contract of sale was made, defendant had no authority to pay these moneys over to the landowner; and we are in accord with that view.

While the identity of the principal was not disclosed, it is clear that plaintiff knew that defendant was acting merely as agent for the landowner. The memorandum itself embodies this information; and it was so drawn as to require the signature of the owner to constitute a contract of sale. Being an intermediary, a broker is in a sense the agent of both parties. 12 C. J. S. 8. This was so here. Defendant accepted the payments on account of the purchase price subject to the owner's "acceptance" of the terms of the proposed contract of sale; and, the payments being so conditioned, defendant's delivery of the moneys to the landowner before a contract of sale came into being was a breach of its undertaking with plaintiff.

Ordinarily, a broker's authority to sell property is not inclusive of the right to receive the purchase money for and on behalf of his principal; and, unless he is so empowered, such

a payment to him does not constitute a payment to the principal. The agency of a real estate broker is special and limited; it comprehends only such authority as is expressly granted or arises by necessary implication. Here, the contractual provision adverted to signifies plaintiff's reliance upon the broker's own financial responsibility as respects the payments made on account of the purchase price fixed in the proposed contract of sale. The minds of the parties not having met on the terms of a binding contract of sale, defendant is under a contractual duty to return to plaintiff the sums so paid on account of the purchase money.

Judgment affirmed, with costs.