121 So.2d 61 (1960)
August P. TABORSKY, Elsie C. Taborsky, His Wife; Paul J. Nugent, Ottilie G. Nugent, His Wife; Lloyd C. Kinsey, Mabel Kinsey, His Wife; John P. Butler, Marie K. Butler, His Wife; Robert O. Benson, Madeleine E. Benson, His Wife; John Everets, and Anya H. Everets, His Wife, Appellants,
v.
J. Stewart MATHEWS, Trustee, Appellee.
No. 1553.
District Court of Appeal of Florida. Second District.
June 3, 1960.
Jos. D. Farish, Jr., and Frederick E. Hollingsworth of Farish & Farish, West Palm Beach, for appellants.
J. Leo Chapman, West Palm Beach, for appellee.
SHANNON, Judge.
This is an appeal taken by the defendants in a foreclosure suit from a summary final decree based upon the order of the chancellor below striking the defendants' affirmative defense and dismissing their counterclaim.
The defense and the counterclaim attempted to raise the fact that the real estate agent who acted for the defendants was also the agent for the plaintiff in this transaction; that the agent had received a commission from both parties; and that the defendants had no knowledge of the dual agency. By their counterclaim the defendants sought to recover the portion of the purchase price which had been paid.
In this appeal the defendants have raised three points. Inasmuch as the first point comprehends all that is necessary to support our opinion, the only question which we will consider is:

*62 In an action to foreclose a purchase-money mortgage upon certain real property where a real estate broker without disclosing the dual nature of his agency to the purchasers, acted as agent for both parties in negotiating the sale of the property, have the purchasers the right, upon discovering the dual agency, to avoid the sale and purchase-money mortgage?
The plaintiff has not furnished us with a brief in this case and we do not know his position. We have only the amended complaint, the affirmative defense, the counterclaim, the affidavits supporting and opposing the summary decree and the final decree ordering foreclosure.
By their pleadings it is evident that the defendants elected to treat the mortgage, the note and the conveyance as voidable. For the purpose of motions attacking these pleadings we must deem that the facts stated are true. Thus we are squarely faced with the question set forth above.
In our jurisprudence it is well established that an agent for one party to a transaction cannot act for the other party without the consent of both principals. Where an agent assumes to act in such a dual capacity without such assent, the transaction is voidable as a matter of public policy. See 2 Am.Jur., Agency § 265. Florida has unequivocally aligned itself with this principle by the case of Quest v. Barge, Fla. 1949, 41 So.2d 158, saying at page 164:
"Perhaps the best statement of the law applicable to the inquiry at bar is that found in Evans v. Brown, 1912, 33 Okla. 323, 125 P. 469, 470:
"`No principle is better settled than that a man cannot be the agent of both the seller and the buyer in the same transaction, without the intelligent consent of both. Loyalty to his trust is the most important duty which the agent owes to his principal. Reliance upon his integrity, fidelity, and ability is the main consideration in the selection of agents; and so careful is the law in guarding this fiduciary relation that it will not allow an agent to act for himself and his principal, nor to act for two principals on opposite sides in the same transaction. In such cases the amount of consideration, the absence of undue advantage, and other like features are wholly immaterial. Nothing will defeat the principal's right of remedy, except his own confirmation, after full knowledge of all the facts. Actual injury is not the principle upon which the law holds such transactions voidable. The chief object of the principle is not to compel restitution where actual fraud has been committed, or unjust advantage gained, but it is to prevent the agent from putting himself in a position in which to be honest must be a strain on him, and to elevate him to a position where he cannot be tempted to betray his principal.'
"It is evident from all these authorities that in cases of double agency the relief granted to the principal against the agent, or against the third party who has compromised the agent, is not made to depend upon the intention to defraud, the presence of actual misrepresentation or non-disclosure, or the presence of injury.
"The law, in the words of Judge Cardozo, `* * * stops the inquiry when the relation is disclosed, and sets aside the transaction or refuses to enforce it * * * without undertaking to deal with the question of abstract justice in the particular case.' * * *."
The law being well established, this court need only determine whether the allegations of the defendants' affirmative defense and counterclaim set forth facts sufficient to raise the issue of dual agency. Essentially, the defendants allege the dual agency, and the fact that they were not aware of the *63 agent's status with the plaintiff, and we find that this is sufficient to bring the rule in Quest v. Barge, supra, into play. Hence, the order of the chancellor below striking the defendants' affirmative defense and dismissing their counterclaim was in error. Therefore, the final summary decree, which was based upon this order, is also in error.
We will have to reverse the chancellor with instructions to vacate and set for nought his final summary decree, as well as his order striking the defendants' affirmative defense and dismissing the counterclaim.
Reversed.
ALLEN, C.J., and KANNER, J., concur.