### MATHEWS v. TABORSKY, et al.
No. 2550.

Circuit Court, Martin County.

June 21, 1961.

Farish & Farish, West Palm Beach, for plaintiff.

J. Leo Chapman and Vaughn J. Rudnick, both of West Palm Beach, for defendants.

WALLACE SAMPLE, Circuit Judge.

*Final decree:* An appeal of this cause taken from the final summary decree and the order striking the defendants' affirmative defense and dismissing the counterclaim, previously entered herein, resulted in reversal with instructions to vacate the final summary decree and said order (see Taborsky v. Mathews, 121 So. 2d 61).

Subsequent to the decision and mandate of the District Court of Appeal, Second District, the cause has been heard upon plaintiff's complaint, defendants' amended answer, affirmative defenses and counterclaim and plaintiff's answer to counterclaim, and trial has been held before the court, at which all parties presented their testimony and other evidence. After final argument by counsel for the respective parties comprehensive briefs were filed.

The court finds and determines as follows —

1. Plaintiff employed the broker, Goffe-Branch, Inc., to sell the following described land in Martin County, to-wit —

All of Section 12, in Township 40 South, Range 41 East, less that part thereof heretofore appropriated by and now in the possession of Florida State Turnpike Authority containing 614 acres more or less.

2. The broker, without full disclosure of its dual agency to all parties, induced the defendants, Taborsky and wife, Nugent and wife, Everets and wife, Kinsey and wife, Butler and wife, Benson and wife, to form a syndicate and buy the said property at a price upon the terms satisfactory to the plaintiff.

3. The broker, acting as agent for the defendants entered into a contract dated December 15, 1956 with the plaintiff for the purchase of said land, and the title to the land was later conveyed to the broker as trustee for the defendants.

4. Defendants were without full knowledge of the facts of the dual agency by the broker, and the broker failed to make full and complete disclosure of the dual agency to both plaintiff and the defendants as required by law.

5. Both plaintiff and defendants are without fault in the controversy which is the basis for defendants' affirmative defenses and counterclaim; and the fault therefore rests upon the broker.

6. There has been no confirmation or ratification by the defendants after full knowledge of all facts concerning the dual agency on the part of the broker.

7. The equities in this cause are with the defendants and the material allegations in defendants' amended answer, affirmative defenses and counterclaim have been substantially proven.

It is thereupon ordered, adjudged and decreed as follows —

1. That plaintiff's prayer for foreclosure and relief instant thereto be and the same is hereby denied.

2. Defendants are hereby ordered and directed to reconvey, or cause to be reconveyed, to the plaintiff the following described property in Martin County, to-wit —

All of Section 12 in Township 40 South, Range 41 East, less that part thereof heretofore appropriated by and now in the possession of Florida State Turnpike Authority containing 614 acres more or less.

Upon defendants' failure to so reconvey the above described land within ten days from the date of this decree, then this decree shall have the same force and effect as a deed of conveyance duly executed, and the fee title thereto shall be and become vested in plaintiff.

3. The plaintiff is ordered and directed to pay to the defendants the sum of $44,500.15, same being the amount of the initial payment for the purchase of the above described land, and judgment is hereby entered for said amount, for all of which let execution issue.

The proportionate interest which each defendant is to receive of the moneys hereby ordered to be repaid to them are as follows —

August P. Taborsky and Elsie C. Taborsky, his wife, one-fourth interest;

Paul J. Nugent and Ottilie G. Nugent, his wife, one-fourth interest;

Lloyd C. Kinsey and Mabel Kinsey, his wife, one-eighth interest;

John P. Butler and Marie K. Butler, his wife, one eighth interest;

Robert O. Benson and Madeleine E. Benson, his wife, one-eighth interest;

John Everets and Anya H. Everets, his wife, one-eighth interest.

4. The promissory note executed by defendants dated February 8, 1957, and mortgage deed covering the above described property dated February 8, 1957, executed by defendants in favor of plaintiff shall both be and the same are hereby cancelled, rescinded and declared null and void; and the lis pendens filed herein is hereby cancelled.

5. Costs herein are hereby taxed equally between plaintiff and defendants.