134 So.2d 798 (1961)
Samuel W. LERER, Appellant,
v.
ARVIDA REALTY COMPANY, a Florida corporation; Don Boomhower, Inc., a Florida corporation; and Tom Utterback, Appellees.
No. 2309.
District Court of Appeal of Florida. Second District.
November 3, 1961.
Rehearing Denied December 6, 1961.
Paderewski & Cramer, Sarasota, for appellant.
Dexter, Conlee & Bissell, Sarasota, for appellees Don Boomhower, Inc. and Tom Utterback.
Berry & Cardozo, Sarasota, for appellee Arvida Realty Co.
WHITE, Judge.
This is an appeal by Samuel Lerer, plaintiff below, from an order granting a motion for summary judgment in favor of defendants. Lerer filed his complaint in Sarasota County seeking return of his $9,500 deposit placed with defendants Utterback and Boomhower pursuant to an application to purchase property from Arvida Realty Company or, in the alternative, to recover damages in that amount from defendants Utterback, Boomhower and Richmond. Defendant Laurence S. Richmond is not a party to this appeal.
While in Sarasota defendant Richmond telephoned the plaintiff Lerer in New York City with reference to the purchase of ten lots in Bird Key Subdivision. Defendant Utterback was in the room with Richmond at the time. During the conversation the plaintiff asked if there were any unusual restrictions on the lots which would hinder the building and selling of residences. Defendant Richmond turned and asked defendant Utterback and was told "there are no unusual restrictions * * *". The plaintiff then authorized Richmond to put down the necessary deposit for him.
*799 Later defendant Utterback called Richmond and Richmond advised Utterback to sign the contract. Utterback signed the name of Laurence S. Richmond. Richmond then gave Utterback a check for $9,500 for which the plaintiff later reimbursed him. The contract contained a clause stating that the application contained the entire agreement and that the parties "shall not be bound by any terms, statements, representations, or conditions, oral or written, not contained herein."
When the plaintiff later visited Sarasota and allegedly was advised of the specific restrictions for the first time he attempted to recover the money or have the restrictions removed. The defendant Arvida Realty Company refused to remove the restrictions or to repay the amount to the plaintiff. The plaintiff then brought this action to recover the deposit. Defendants' motion for summary judgment was granted. The court made the following findings of fact:
"1. That there is no genuine issue as to any material fact;
"2. That Plaintiff has shown no cause of action against Defendant, Arvida Realty Co.;
"3. That Laurence S. Richmond was the agent of Plaintiff and knew or should have known the restrictions to which the property was subject and the Plaintiff is charged with this knowledge;
"4. That Defendant, Tom Utterback, as real estate salesman of Defendant, Don Boomhower, Inc., was the agent of Defendant, Arvida Realty Co., and was not the agent of Plaintiff, Samuel W. Lerer;
"5. That Plaintiff has failed to show that Defendant, Tom Utterback, made a fraudulent misrepresentation of a material fact and any representation made by said Defendant was an opinion or a promise;
"6. That Defendant, Arvida Realty Co., is entitled to a judgment against the Plaintiff as a matter of law; * * *."
Plaintiff first contends that defendant Utterback as a real estate broker acted as agent or sub-agent for both the buyer and the seller, Lerer and Arvida, citing 12 C.J.S. Brokers § 3; and such decisions from other jurisdictions as Strumpf v. State, 31 Ala.App. 409, 18 So.2d 104, 107; Tournier v. C.B. Snyder Realty Co., 130 N.J.L. 104, 31 A.2d 492, 493. In Florida the theory that a broker is proprio vigore an agent of both parties has been rejected. See Taborsky v. Mathews, Fla.App. 1960, 121 So.2d 61; Quest v. Barge, Fla. 1959, 41 So.2d 158.
In Taborsky v. Mathews, supra, this court speaking through Judge Shannon said:
"In our jurisprudence it is well established that an agent for one party to a transaction cannot act for the other party without the consent of both principals. Where an agent assumes to act in such a dual capacity without such assent, the transaction is voidable as a matter of public policy. See 2 Am.Jur., Agency, § 265. * * *" [121 So.2d 62.]
In 5 Fla.Jur., Brokers, Sec. 17, 18, the brokers' authority is set out:
"Sec. 17. Generally although a broker is a special agent deriving his power and authority from the agreement with his principal, he has, in addition to authority expressly conferred upon him, such authority as impliedly necessary to execute his power. Ordinarily, although not without exception, a broker has no authority to act in a dual capacity as the representative of both sides to a transaction. * * *" (Emphasis added.)
And Sec. 18 states that:
"A real-estate broker or agent is generally a special agent of limited powers and is, therefore, in dealing with *800 land, closely restricted within the terms of his agency and within the bounds of the authority conferred upon him. * * * All persons dealing with a broker are charged with notice of the terms and limitations of his authority."
The record does not reflect that defendant Utterback was subject to orders and directions of Lerer as exists in an agency situation. Utterback was to be paid by Arvida, and neither Lerer nor Richmond had paid or agreed to pay him anything in connection with the purchase of the property. Thus there was no genuine issue of material fact as to whether or not Utterback was Lerer's agent.
The plaintiff's second contention is to the effect that if there were no dual agency then Utterback, as a real estate broker, breached the duty he owed to the plaintiff arising out of the transaction. We agree that the broker-defendant Utterback owed a duty of fair and honest dealing. However, the record does not reflect any breach of duty. The lower court held that the plaintiff failed to show in the summary proceedings that defendant Utterback made a fraudulent misrepresentation of any material fact. The representation made by that defendant to the effect that there were no unusual restrictions was held to be only his opinion. The lower court had sufficient evidence from the depositions on which to base his finding on this point, and we see no reason why it should be disturbed.
In the appellant's point No. 3 he contends the court erred in charging him with knowledge of the restrictions. Testimony of Lerer, Richmond and Utterback was taken on oral deposition and is in the record. Richmond had been plaintiff Lerer's brother-in-law for 17 years, and he acted as his agent in many previous transactions. The record shows that the land in question was designed for sales to affluent people. Richmond, as agent, had notice of these restrictions for he owned one lot in the subdivision in his own name and had been interested in acquiring another. The depositions disclosed that he had been sent advertising kits and applications. Lerer was in New York at the time the contract was signed and Richmond's only contact with the seller was through the broker, defendant Utterback.
It clearly appears that Richmond authorized Utterback to sign a contract. The contract was signed on October 20, 1959 and Richmond was authorized by Lerer to pay the deposit of $9,500. Lerer came to Sarasota in January of 1960 and contends he discovered the restrictions at that time. Nevertheless the following March he reimbursed Richmond for the deposit money. Lerer did not decide to file this action to recover the deposit money until August of 1960. It should be noted that the plaintiff refunded Richmond's deposit money several months after he had knowledge of the restrictions of which he complains and without protesting the manner in which the contract was signed.
The appellant attempted to raise the Statute of Frauds on appeal for the first time. It is settled that questions, other than jurisdictional, which are not raised in the trial court generally will not be considered on appeal. We deem it unnecessary to consider other points raised on appeal and argued by counsel for the appellant.
We hold that there was before the court no undetermined or unadmitted issue of material fact and that the chancellor had ample grounds upon which to grant the summary judgment.
Affirmed.
SHANNON, C.J., and KANNER, J., concur.