151 So.2d 52 (1963)
Jacob SINGER and Julia Singer, his wife, Appellants,
v.
M. GRANT, INC., Appellee.
No. 62-253.
District Court of Appeal of Florida. Third District.
March 19, 1963.
Laurence S. Levenson and Simmonite, Budd & Walsh, Miami, for appellants.
Aronovitz, Aronovitz & Haverfield, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HORTON, JJ.
PEARSON, TILLMAN, Chief Judge.
The appellants, owners of certain real property, were sued for a real estate commission by the appellee. The complaint alleged that the plaintiff-real estate broker had produced purchasers ready, willing and able to purchase upon the terms of the agent's employment. The cause was tried before the court without a jury and at the conclusion of all the evidence, plaintiff secured leave to amend its complaint to conform to the proof. The amendment was to allege the plaintiff was entitled to a commission because of defendants' breach of contract in cancelling the listing and withdrawing the property from the market. The non-jury trial resulted in a judgment for the plaintiff-broker.
The owner originally listed the property with a sale price of $70,000, 29% cash, balance over a 15-year period with interest at 6%. Two possible purchasers were secured by the broker, both of whom were interested in the property at a purchase price of $63,000. The owner was not informed of either of these prospects. The broker brought to him an unsigned deposit-receipt agreement for a purchase price of $61,500. The owner refused to accept this price and altered the proposed purchase contracts by changing the amount to $63,000. He then signed and returned the proposed agreements to the broker. The broker was unable to get the contracts signed as thus prepared, but secured from one of the prospects a counteroffer with different terms at the $63,000 price. This was refused by the seller. The owner then removed the property from the market. Subsequently, the broker secured the signature of his other prospect on the contract as it was originally signed by the owner.
*53 We believe that the trial judge misconceived the legal effect of the evidence and that he should have directed a verdict for the defendants upon their motion at the conclusion of the plaintiff's case. The plaintiff could not recover on the counteroffer of one of the prospective purchasers because this prospect did not accept the terms set by the seller. At the time that the owner changed the price on the receipt prepared by the broker, the terms of the proposed deposit receipt as altered became the terms under which the owner agreed to sell. This prospective purchaser would not accept these terms but made a counteroffer. Since the counteroffer was not accepted, it cannot be said that this purchaser was ever ready, willing and able to purchase under the terms of the agent's employment. Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876.
The broker is also barred from recovery of a commission upon the basis of the agreement signed by the other prospective purchaser. While it is true that this prospect did sign the deposit receipt, he did so only after the owner had terminated the employment. The appellee urges that there was a sufficient ground for the judgment in that the trial judge could have found that the owner wrongfully terminated the broker's employment, but such a finding would not be supported by the record in this case.
The record establishes that at the time the broker urged his employer to sell for $61,500, he knew that there were two prospects who would pay $63,000 for the property. The broker's only excuse for not informing his employer of one of these offers was his statement at the trial that he did not take the offer seriously. This position is untenable in view of the prospect's testimony that he made a clear and firm offer to purchase.
As was held in Lalow v. Codomo, Fla. 1958, 101 So.2d 390, a broker need not report an offer to purchase property upon which he has an employment if the offer does not meet the terms of the listing (unless specifically requested by the employer to do so). But when, as here, the broker reports an offer of a lesser amount and even urges a sale at a lesser amount knowing or having good reason to know that he can secure a substantially higher price, he has forfeited his right to compensation for his services. Carter v. Owens, 58 Fla. 204, 50 So. 641, 25 L.R.A.,N.S., 736. The amendment to conform to the evidence was of no avail because there is no evidence in the record that the owner wrongfully terminated the employment. The judgment is reversed with directions to enter a judgment for the defendants.
The opinion originally filed in this appeal is withdrawn and the foregoing opinion substituted.
Reversed.