PEARSON, Judge.
The appellants, R. F. Mackle, J. E. Mackle, Jr., E. J. Mackle, Ruth L. Streit, J. H. Buchanan, and Westwood Shopping Center, Inc., were sued for a real estate brokerage commission by the appellee, Ewing Realty, Inc. The plaintiff, Ewing Realty, received a jury verdict and final judgment was entered thereon. This appeal is from that judgment. The appellants have presented three points for reversal.
I. Appellee violated its fiduciary duty to appellants and therefore forfeited its commission as a matter of law.
II. The court erred in refusing to give appellants’ requested jury charge numbered nine.
III. Appellee initiated no continuous negotiations and therefore, the court erred in failing to grant appellants’ motion for directed verdict.
Defendant-owner employed brolcer-Lar-gin as an agent to sell certain undeveloped property upon which the owner had originally intended to develop a shopping center and upon which it had outstanding certain leases. The broker-Largin associated with him broker-Ewing, who was convinced that the leases should be renegotiated in order to make the property more desirable. The broker was successful in renegotiating certain of these leases, but no formal modification of the leases was consummated. Ewing produced a prospective purchaser named Mankoff who agreed to enter into a contract with Ewing which would give Ewing the exclusive rights as rental agent. This contract was to be executed when the purchase was consummated. The Mankoff deal fell through at an advanced stage over an inability of the seller’s attorney and purchaser’s attorney to work out a mutually satisfactory contract of sale.
One of Ewing’s employees had interested another purchaser called the “Bookbinder group”. This group became dissatisfied with the plaintiff, broker-Ewing, and submitted their offer through another broker. Their offer was accepted and the sale was consummated.[1]
The first question presented is whether or not Ewing Realty forfeited its right to a commission by unethical conduct. The appellants urge two bases for the forfeiture. It is first urged that broker-Ewing was false to his duty in that he failed to disclose to the seller a material fact concerning the sale; that is, Ewing had received an agreement from the prospective purchaser that in the event of Mankoff completing the purchase, Ewing should be entitled to become the exclusive rental agent for the development. It is urged that this constituted an “interest in the property” by the broker and that the failure to inform the seller of this interest constituted a breach of the broker’s duty to his seller. Appellants rely upon Carter v. Owens, 58 Fla. 204, 50 So. 641, 25 L.R.A., N.S., 736 (1909); Skinner Mfg. Co. v. Douville, 57 Fla. 180, 49 So. 125 (1909); Van Woy v. Willis, 153 Fla. 189, 14 So.2d 185 (1943). We find these cases inapplicable to the situation to which they have been cited because there is nothing, as a matter of law, sinister or fraudulent about a broker having an interest in a sale of property to a particular person, unless that interest influences the broker to act against his principal’s interest. It may well be that in a situation where there are two or more competing purchasers, a broker might be influenced to further the offer which would inure to his benefit. But this standing alone is not sufficient as a matter of law to constitute a breach of fiduciary duty. It is, of course, evidence to which the jury is entitled when the issue is raised. We also note that there is evidence in the record upon which the jury could have determined that the seller was advised or placed on notice that broker-Ewing desired *520 to serve as rental agent for any purchaser that he might produce.
The second basis claimed for a breach of fiduciary duty is an alleged failure of broker-Ewing to present the offer of the Bookbinder group. There is evidence in this record from which such a conclusion could be drawn. There is also evidence which, if believed by the jury, constitutes a basis for a finding by the jury that the broker transmitted the Bookbinder group’s offer with reasonable diligence. Under these circumstances the verdict of the jury is conclusive. We therefore conclude that error has not been shown under the appellants’ first point.
The second point to be considered goes to the refusal by the court of defendants’ requested charge numbered nine. The requested charge is as follows:
“If you find that Bookbinder-Levy-Brooks group attempted to make an offer for the property through Plaintiff, and that this offer was a better offer than the offer made by Menkoff and transmitted to Defendants by Plaintiff, and if you further find that Plaintiff refused to report the Bookbinder-Levy-Brooks offer and at the same time urged Defendants to sell the property to Men-koff, then, I instruct you that Plaintiff has forfeited his right to compensation for his services, and therefore you must find in favor of the Defendants.”
The record reveals that both offers were identical as to purchase price, but Man-koff’s written offer was not in accordance with the seller’s communication with broker-Ewing. It is claimed that the Bookbinder offer was in fact a better offer than the offer which was under consideration, and that by allowing continued negotiations under the Manlcoff offer, the broker was false in his duty to the seller. The ultimate offer submitted by the Bookbinder group contained no conditions; however, as stated by the trial judge in refusing the requested charge, their initial oral offer left “an abundance of obvious inclusive matters yet to be negotiated.” There was no evidence to indicate that the initial Bookbinder offer was a better offer than that submitted by Mankoff. A reading of the entire charge to the jury convinces us that it adequately covered the applicable law. We, therefore, hold that no error was committed in the refusal of the defendants’ requested charge numbered nine.
The third point which we are called upon to consider concerns the sufficiency of the evidence. Appellants urge that they should have received a directed verdict at the conclusion of all of the evidence because there was no evidence before the jury that Ewing was responsible for the sale of the property. There is no question from the evidence but that broker-Ewing was responsible for bringing the sellers and the Bookbinder group together. A salesman from Ewing’s office showed the property extensively to members of the Bookbinder group. In addition, Ewing’s office furnished, at its own expense, documentary material relative to the development of the property. There is no doubt that as a result of this work the Bookbinder group became interested in the property.
At some stage in the dealings on this property, there was a conflict of personalities between Mr. Ewing and one of the members of the Bookbinder group. Thereafter, Mr. Ewing was unable to directly take part in the negotiations. Nevertheless, these negotiations were continuous. There is nothing in this record to suggest that there was any break or falling away of interest by the Bookbinder group. Therefore, the jury was entitled to find that the ultimate sale was the result of continuous negotiations initiated by Ewing.
Affirmed.

. The jury found that Ewing Realty was entitled to a commission on this sale.