374 So.2d 4 (1979)
Frank K. ELLIS and Christine C. Ellis, His Wife, Petitioners,
v.
Benjamin FLINK and Hilda Flink, His Wife, Respondents.
No. 53089.
Supreme Court of Florida.
July 5, 1979.
Rehearing Denied September 14, 1979.
The petition for writ of certiorari reflected apparent jurisdiction in this Court. We issued the writ and have heard argument of the parties. Upon further consideration of the matter, we have determined that the factual and procedural history of this case is unique and, therefore, it presents no direct conflict as required by article V, section 3(b)(3), Florida Constitution. The writ is hereby discharged.
It is so ordered.
George E. Hovis, of Hovis & Baird, Clermont, for petitioners.
Frank T. Gaylord, of Gaylord, Gaylord & Osborne, Eustis, for respondents.
ENGLAND, C.J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
BOYD, J., dissents with an opinion, with which ADKINS and HATCHETT, JJ., concur.
BOYD, Justice, dissenting.
This cause is before the court on petition for certiorari to review the decision of the District Court of Appeal, Second District.[1] The decision is a per curiam affirmance without opinion of a final summary judgment rendered by the Circuit Court of the Fifth Judicial Circuit, in and for Lake County.[2]
The action was for recision and cancellation of a land sales contract and conveyance, and for damages for the tort of fraud. The trial court in its final judgment awarded to the plaintiffs, as a separate item of damages, compensation for the legal expenses they incurred in bringing the action. In affirming this error, the district court of appeal created conflict with numerous appellate court decisions announcing the settled law of Florida on this question.
In general, the recovery of attorneys' fees as damages or costs by the prevailing party to an action is allowed only when provided for by statute or contract or when a fund has been created and brought into court. See, e.g., Hampton's Estate v. Fairchild-Florida Construction Co., 341 So.2d 759 (Fla. 1976); Kittel v. Kittel, 210 So.2d 1 (Fla. 1967); Codomo v. Emmanuel, 91 So.2d 653 (Fla. 1956); Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160 (1948); Brite v. Orange Belt Security Co., 133 Fla. 266, 182 So. 892 (1938); Webb v. Scott, 129 Fla. 111, 176 So. 442 (1937); Duncan v. Pullum, 198 So.2d 658 (Fla. 2d DCA 1967).
Attorneys' fees may be a proper element of damages when they are incurred in litigation or for legal services other than that involved in the main action, which litigation or other legal services were made necessary by the breach or violation being sued upon. See, e.g., Susman v. Schuyler, 328 So.2d 30 *5 (Fla. 3d DCA 1976); Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973); Milohnich v. First National Bank, 224 So.2d 759 (Fla. 3d DCA 1969). But they are not a recoverable element of damages or costs in an ordinary action for the tort of fraud. Martin v. Paskow, 339 So.2d 266 (Fla. 3d DCA 1976).[3]
The trial court erred further in holding that under the undisputed facts of the case the appellant Ellis owed to the appellees the Flinks the duty of an agent to his principal. Ellis and the real estate firm by which he was employed were the agents of the buyer. They were employed by the buyer to attempt to negotiate the purchase of certain real property. Ellis accordingly approached the Flinks and ultimately succeeded in securing their promise to sell at a specified price.
Real estate brokers and the salesmen they employ owe a duty of honesty and fair and open dealing to all persons they come into contact with in the course of their profession. Zichlin v. Dill, 157 Fla. 96, 25 So.2d 4 (1946); Van Woy v. Willis, 153 Fla. 203, 14 So.2d 185 (1943); Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927). But the primary duty of loyalty of a broker, as with any agent, is to his principal. Carter v. Owens, 58 Fla. 204, 50 So. 641 (1909); Boswell v. Cunningham, 32 Fla. 277, 13 So. 354 (1893); Kline v. Pyms Suchman Real Estate Co., 303 So.2d 401 (Fla. 3d DCA 1974); Hershey v. Keyes Co., 209 So.2d 240 (Fla. 3d DCA 1968); Gammage v. Turner, 206 So.2d 252 (Fla. 2d DCA 1967); United Homes, Inc. v. Moss, 154 So.2d 351 (Fla. 2d DCA 1963); Singer v. Grant, 151 So.2d 52 (Fla. 3d DCA 1963). When two principals are dealing at arm's length, as was the case here, a broker cannot serve as the agent of both. See Lerer v. Arvida Realty Co., 134 So.2d 798 (Fla. 2d DCA 1961); Taborsky v. Mathews, 121 So.2d 61 (Fla. 2d DCA 1960).
It follows that when a buyer and seller are dealing with one another at arm's length, a broker employed by one party is not bound to disclose everything he knows to the other party. Indeed, his duty of loyalty to his principal may well preclude his doing so. See Huttig v. Nessy, 100 Fla. 1097, 130 So. 605 (1930). Once Ellis had succeeded in negotiating a contract, his duty to his principal was to do nothing that might prevent the deal from closing. Far from having a duty to tell the Flinks that he knew of other buyers who were willing to pay more, Ellis was under a duty not to disclose this fact.
The plaintiffs and the trial court seemed to make much out of the fact that Ellis provided some of the funds his principal used to close the transaction. "[T]here is nothing, as a matter of law, sinister or fraudulent about a broker having an interest in a sale of property to a particular person, unless that interest influences the broker to act against his principal's interest." Mackle v. Ewing Realty, Inc., 189 So.2d 518, 519 (Fla. 3d DCA 1966). The same idea should apply when a broker acquires an interest in the purchase of property with his principal. The fact that Ellis was providing some of the funds was not a matter which the buyer was required to disclose to the seller. It simply was not a material fact, concealment or misrepresentation of which would constitute fraud. Ellis was under no duty to disclose it either. See Huttig v. Nessy, 100 Fla. 1097, 130 So. 605 (1930).
This is an unusual case in which the broker was representing the buyer was to be paid by the buyer, and owed loyalty to the buyer.[4] The error of the courts below can be attributed to the fact that real estate brokers are frequently employed as the agents of sellers.
*6 The decision of the district court, unless quashed, will leave Florida's real estate brokers and salesmen in a state of uncertainty as to the circumstances under which they will be obligated to reveal information to the buyers and sellers with whom they come in contact.
The decision of the district court should be quashed and the cause remanded with directions to reverse the judgment of the circuit court.
ADKINS and HATCHETT, JJ., concur.
NOTES
[1] Ellis v. Flink, 352 So.2d 178 (Fla. 2d DCA 1977). See also the district court's affirmance of an earlier partial summary judgment. Ellis v. Flink, 301 So.2d 493 (Fla. 2d DCA 1974).
[2] No. 72-1069 (Fla. 5th Cir. Ct. Oct. 9, 1975).
[3] If the trial court's award of legal expenses was based on provision in the land sales contract, then the district court's affirmance created conflict with Deemer v. Hallett Pontiac, Inc., 288 So.2d 526 (Fla. 3d DCA 1974), where it was said, at 527-28: "The two remedies sought by the plaintiff were not apposite. They were mutually exclusive. A claim for recission is predicated on disavowal of the contract. A claim for damages is based on its affirmance."
[4] No one can serve two masters; for either he will hate the one and love the other, or he will be devoted to the one and despise the other... . Matthew 6:24 (Revised Standard Version).